**CHARLESTON & W. C. RY. CO. v. BURNET,**
Com'r of Internal Revenue.
No. 5074.

Court of Appeals of District of Columbia.
Argued April 8, 1931.
Decided May 4, 1931.

Robert R. Faulkner, of Washington, D. C., for appellant.

Sewall Key, C. M. Charest, Harvey R. Gamble, and Paul D. Miller, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal from a decision of the United States Board of Tax Appeals pursuant to the provisions of sections 1001, 1002, and 1003 of the Revenue Act of 1926, c. 27, 44 Stat. 9, 109, 110 (26 USCA § 1224 and note and §§ 1225, 1226).

Appellant is a steam railroad corporation engaged in intra and interstate commerce, with its general offices in Columbia, S. C., under the laws of which state it is incorporated.

The Board of Tax Appeals sustained a claim of the Commissioner of Internal Revenue for $55.13 additional income tax liability of petitioner for the year 1924.

Prior to January 1, 1922, certain employees of the company earned the sum of $441.05 in wages, which were not collected from the company.

That amount was carried on its books to be paid when called for, or when those entitled were located, and, as wages, deducted in its income tax return for the calendar year 1921.

Remaining unclaimed until December, 1924, an entry was then made on the books crediting "Profit and Loss" with $441.05 on account of wages, then unpaid, earned by employees prior to January 1, 1922.

The change of this sum from one account to the other after three years was perhaps made in recognition of the improbability that the fund would ever be claimed and of the Interstate Commerce Commission's ruling in approval of such accounting.

Though the company intended paying proper claims on the fund if and when sought, the effect of the bookkeeping was to make available for general uses the particular moneys impressed in 1921 with the particular obligation and consequent right to deduction.

It thus became as much a part of the gross revenue in 1924 as though paid in that year for carriage charges.

Being a part of the gross without being so treated, it became a part of the net on which the tax levied became due.

Of course, if any part of those wages due should be claimed and paid at any subsequent time, deduction to that extent could thereafter properly be made.

We think the precise question has just been decided by the Circuit Court of Appeals for the Seventh Circuit in Chicago, Rock Island & Pacific Railway Co. v. Commissioner of Internal Revenue, 47 F.(2d) 990, October Term, 1930, where the decision went against the petitioner and affirmed the tax.

We agree with the conclusions of that court in that case and its reasoning in reaching them.

None of the other cases cited are so similar to the one before us.

The decision of the Board of Tax Appeals being right is affirmed.

Affirmed.