## MASSACHUSETTS MUT. LIFE INS. CO. v. UNITED STATES.

No. K–323.

Court of Claims.

May 31, 1932.

This suit was instituted to recover $71,659.73, with interest, income tax alleged to have been illegally collected for 1926, on the ground that the defendant erroneously refused to allow plaintiff a deduction under section 245(a) (8) of the Revenue Act of 1926, 26 USCA § 1004(a) (8), of $544,964.40, interest accrued and credited to its policy-

holders on dividends declared and credited to said policyholders and left with the company at interest. The interest in question was duly credited to the policyholders during 1926, and was subject to their demand during that year.

The defendant held that the plaintiff, being a life insurance company, and therefore required to compute its income and deductions on the basis of actual receipts and disbursements, was entitled to deduct, in 1926, only $248,405.97, representing the interest on dividends and accumulation thereon credited and set apart to the policyholders during 1926 and prior years, and actually withdrawn by the policyholders or surrendered to the plaintiff to be applied in reduction of premiums or used to purchase participating paid-up additions to the policies. Inasmuch as the Commissioner allowed a deduction for 1926 of $248,405.97 on account of interest actually withdrawn or surrendered in 1926, the plaintiff sets forth in its brief that, while the basis on which this amount was allowed as a deduction was different from the basis on which it claims that interest on $544,964.40 was constructively paid during 1926, the amount for which judgment should be entered should be determined by deducting from gross income for 1926 the amount of $296,558.43 in excess of that allowed by the Commissioner, the last-mentioned amount being the difference between the total interest credited and set apart to the policyholders during 1926 and claimed as a deduction, and the amount allowed as a deduction by the Commissioner. On this basis the overpayment for 1926 would be $39,126.92, for which the plaintiff asks judgment with interest.

1. Plaintiff, a Massachusetts corporation with principal office and place of business at Springfield, is now, and, for many years past, has been engaged in the business of making and selling various forms of life insurance on the mutual level premium plan in Massachusetts and other states of the United States.

It filed its income tax return for 1926 on form 1120—L, designated "Life Insurance Income Tax Return," showing a tax of $208,852.37, which was paid in four installments of $52,213.09 each on March 14, June 13, and September 12, 1927, and $52,213.10 on December 13, 1927. In this return plaintiff deducted from its gross income $544,964.40 as interest paid during 1926, which amount represented the aggregate amount of interest due policyholders on dividends and accumulated interest thereon left by them with the plaintiff to accumulate at interest, and was accrued and credited to the policyholders to whom credited during the year 1926, but not actually withdrawn or surrendered by them during the year. Credit was given to each policyholder during the year in his individual account for his respective part of such interest, and a regular form notice of the amount so credited was mailed to each such policyholder prior to the close of 1926. This notice showed the amount of dividends credited, the accumulations thereon under each policy contract, and the amount of interest due and credited thereon during 1926. Interest was payable on demand to the policyholders to whom such notice was given, and the policyholder was so advised. It was the practice of the plaintiff company to accept such notice on demand for cash payment of the amount shown therein.

2. April 9, 1921, the Treasury Department ruled that life insurance companies were required to make their returns on the basis of actual receipts and disbursements as distinguished from an accrual basis, and such regulation was published in "Bulletin 'H,' Income Tax Rulings Peculiar to Life Insurance Companies." It provided:

"*Basis of Returns.*—Returns of life-insurance companies shall be made on a receipts and disbursements basis, as distinguished from an accrual basis, as being in accordance with the method of accounting regularly employed by such companies. Any life-insurance company having life and casualty departments shall report separately the incomes, disbursements, and liabilities of the two departments, of the life department upon the basis of receipts and disbursements, of the casualty department on an accrual basis."

All subsequent regulations of the Bureau of Internal Revenue promulgated by the Commissioner, with the approval of the Secretary of the Treasury, provided that the income tax returns of life insurance companies should be made on the cash receipts and disbursements basis, and that the return, form 1120—L, mentioned in finding 1 hereof, which form of return was used by plaintiff for 1926, contains the instruction as to the basis upon which said return should be made, to wit, that "a return on this form shall be rendered on a cash receipts and disbursements basis in conformity with the annual statement made to the State insurance department instead of the accrual basis."

3. Plaintiff was required by the laws of Massachusetts to file, and it did file, with the state insurance commission of the commonwealth annual statements (convention edi-

tion) for the calendar years 1925 and 1926 showing its financial condition for each year, and showing, among other things, its ledger assets, income, disbursements, and liabilities.

4. The plaintiff's annual statement, convention edition, to the insurance commission of Massachusetts for 1926 was filed with the Commissioner of Internal Revenue, which annual statement contained in line 18, page 3, a statement that "Dividends $1,767,501.89 and interest $248,405.97 thereon held on deposit, surrendered during the year $2,015,907.86"; and on line 22, page 5, the statement that "Dividends left with the company to accumulate at interest, and accrued interest thereon, including $544,964.40, interest credited during the year and payable on demand $14,000,669.68." The item of $544,964.40 shown on line 22, page 5, of said annual statement was the amount of interest accrued and credited to plaintiff's policyholders during 1926, but not actually withdrawn or surrendered to the company by them during the year. The item of $248,405.97 shown on line 18, page 3, of said annual statement was the total amount of interest accrued and credited to the policyholders and actually withdrawn in cash or surrendered by said policyholders during the year 1926, irrespective of the year of origin. The major portion of this item originated in prior years. The record does not disclose the amount included

additional tax of $63,776.94, which was timely assessed and was paid by plaintiff under protest March 26, 1928, together with interest thereon of $3,539.18.

6. February 27, 1928, plaintiff duly filed a claim for refund for 1926 of $160,878.09, or such greater amount as should be legally refundable, upon the ground, among others, that it was entitled to a deduction from gross income of $544,964.40, interest accrued and credited to its policyholders during the year 1926 on dividends left by them to accumulate at interest, which deduction plaintiff had claimed on its return but which the Commissioner had disallowed.

7. July 13, 1928, plaintiff received from the Commissioner his undated overassessment certificate and schedules attached thereto auditing the return for 1926 on the cash receipts and disbursements basis of accounting. This audit disclosed that, in adjudicating the refund claim, the Commissioner disallowed the aforementioned item of $544,964.40 as a deduction from gross income, and instead allowed an item of $248,405.97 as a deduction from gross income for the year, representing interest on dividends left by policyholders with the company to accumulate at interest, which was actually withdrawn or surrendered by the policyholders during said year. The pertinent provisions of the certificate of overassessment are as follows:

| | | |
|---|---|---|
| Net income reported on return | | $1,670,818.96 |
| Add: | | |
| 1. Interest on dividends left with company, item 22, page 5 of annual report | | 544,964.40 |
| 2. 4% of mean of reserve funds overstated | | 270,190.80 |
| 3. Taxes, item 10 of return, restored | | 33,882.42 |
| 4. Other real estate expense, item 11 of return, restored | | 40,770.33 |
| Total | | 2,560,626.91 |
| Deduct: | | |
| 5. Interest on dividends held on deposit and surrendered during the year, item 18, page 3 of annual report | $248,405.97 | |
| 6. Taxes and other expenses deductible | 47,179.43 | |
| 7. Rent on home office building | 89,100.00 | |
| | | 384,685.40 |
| Net income adjusted | | 2,175,941.51 |

therein which accrued on dividends and accumulations thereon for the year 1926.

5. The Commissioner audited the return for 1926, and disallowed the deduction claimed by plaintiff for interest, and, instead, allowed a deduction of the amount of interest on dividends and accumulations held on deposit and withdrawn or surrendered during the year 1926 in the amount shown at line 18, page 3, of the annual report, $248,405.97. The Commissioner determined an

"Explanation of Changes.

"1 and 5. Interest payable on demand, shown as an accrual on line 22, page 5 of annual report, is not an allowable deduction. Interest on dividends held on deposit and surrendered during the year, shown on page 3 of annual report, line 18, constitutes an allowable deduction. Article 685, Regulations 69. * * *

"Your contention that you are entitled to

deduct interest on dividends left with the company, $544,964.40, shown on line 22, page 5, of annual report, can not be conceded from the evidence submitted. The interest deduction is limited to the amount shown on line 18, page 3, of your annual report."

8. The policy contract used by plaintiff during 1926 contained the provisions: "This policy will participate at the end of the first policy year, and annually thereafter, in the distribution of the surplus funds of the company. At the option of the insured, dividends will be (1) paid in cash, or (2) applied in reduction of premiums, or (3) used to purchase participating paid-up additions, or (4) held by the company to accumulate subject to withdrawal on demand. If no election is made prior to any anniversary, the dividend for that anniversary will be held by the company to accumulate.

"Paid-up additions will have a cash surrender value (full reserve) but the company may, at its option, defer the granting of such surrender value for a period not exceeding ninety days from the date of the application therefor.

"Dividend accumulations will be credited at the end of each policy year with interest at such rate, not less than three per cent. as may be determined by the directors. Outstanding dividend accumulations will be added to the cash value of the policy in the event of surrender or to the amount payable under the policy if it becomes a claim by death.

"If this policy becomes a claim by death, the dividend for the current year will be paid in cash in addition to the sum insured."

9. October 4, 1928, plaintiff timely filed a further claim for refund for 1926 of $68,-120.55, or such greater amount as should be legally refundable, solely on the ground that it was entitled to deduct from gross income said item of $544,964.40, representing income accrued and credited to its policyholders during the year on dividends left with the company to accumulate at interest, and accumulations thereon. No notice has been given to the plaintiff of any action on this claim by the Commissioner.

Guy Patten, of Washington, D. C. (A. R. Serven and John W. Smith, both of Washington, D. C., on the brief), for plaintiff.

Charles B. Rugg, Asst. Atty. Gen. (Lisle A. Smith and Edward H. Horton, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

The plaintiff, a life insurance company, was required by the revenue statute and the regulations of the Treasury Department in force during 1926 to determine its income and deductions, and compute its tax on the basis of receipts and disbursements as distinguished from an accrual basis.

The question in this case is whether the plaintiff is entitled to deduct from gross income for 1926, as interest paid, the amount of such interest credited to its policyholders during the year 1926. The policyholders were notified during the year of the amount of interest so credited and that it would be paid upon demand or handled in accordance with the terms of the policy contract, upon receipt of notice of the desire of the policyholder. The policy contract, under which the plaintiff became liable for the interest so credited, provided that it was "subject to withdrawal on demand." If a policyholder did not withdraw the interest or surrender it for application by the company in reduction of premiums or to purchase participating paid-up additions, it was allowed to accumulate and interest on such accumulations was thereafter credited to the policyholders. In these circumstances the plaintiff contends that interest in the amount of $544,964.40 credited to the policyholder was constructively paid by it, and was a proper and legal deduction from gross income for the year in which credited.

The defendant insists that the interest item of $544,964.40 is purely an accrued item which, under the law and the regulations, is not an allowable deduction on the cash receipts and disbursements basis of accounting, which method of accounting the plaintiff was required to and did employ; that article 51 of Treasury Regulations 69, and prior regulations under prior revenue acts provide that: "Income which is credited to the account of or set apart for a taxpayer and which may be drawn upon by him at any time is subject to tax for the year during which so credited or set apart, although not then actually reduced to possession. To constitute receipt in such a case the income must be credited to the taxpayer without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made. * * * If the income is not

credited, but is set apart, such income must be unqualifiedly subject to the demand of the taxpayer, * * * " applies solely to the recipients of a credit when; according to the method of accounting employed by the taxpayer making the credit, there is a payment for income tax purposes; that the regulation therefore can have no application to a credit by a taxpayer employing the cash receipts and disbursements method of accounting.

The plaintiff relies upon Corliss v. Bowers, 281 U. S. 376, 50 S. Ct. 336, 74 L. Ed. 916; Commissioner v. Bingham (C. C. A.) 35 F.(2d) 503; Hadley v. Commissioner, 59 App. D. C. 139, 36 F.(2d) 543; Chicago, R. I. & P. R. Co. v. Commissioner, (C. C. A.) 47 F.(2d) 990; Charleston & W. C. R. Co. v. Burnet, 60 App. D. C. 192, 50 F.(2d) 342; John A. Brander, 3 B. T. A. 231; Chipley v. Commissioner, 25 B. T. A. 1103. These cases are not applicable to the question here involved. The Corliss Case involved income from a revocable trust, and the Bingham and Hadley Cases involved the question whether dividends declared and made unqualifiedly subject to the demand of the stockholders were income in the year in which declared and set apart. When a dividend is declared and set apart to the stockholders, the amount thereof is separated from the invested capital of the corporation, and the provisions of the above-quoted regulation have been consistently applied. Section 201 (e) of the Revenue Act of 1921 (42 Stat. 228) specifically provided that such dividends constitute income to the stockholders. The two railroad cases involved the question whether the amounts accrued and deducted by the corporations from gross income in the years credited but not paid constituted income to the corporations in subsequent years when the credits were charged to profit and loss. The Brander and Chipley Cases involved the question whether a salary credited to an officer of a corporation employing the accrual method of accounting and available for withdrawal by him constituted income, and the rule announced in the regulation quoted was applied. It will be seen, therefore, that in the ordinary case the question of constructive receipt of income arises where the taxpayer making the credit employs the accrual method of accounting. In such cases the credit constitutes a payment for tax purposes, and it has been consistently held that the person to whom the amount is credited and made unqualifiedly subject to

his demand may not escape taxation thereon by failing to withdraw it.

Other than in the administration of estates or trusts, as to which the statute specifically provides for a deduction of credits under certain circumstances, we know of no instance, and none has been called to our attention, in which it has been held that an amount credited but not paid by a taxpayer employing the cash receipts and disbursements method of accounting constitutes income to the person to whom credited. It is not claimed that the interest credited by the plaintiff to its stockholders during 1926 was taxed as income to them in that year by the Commissioner. To hold that an amount credited by a taxpayer employing a cash receipts and disbursements method of accounting constitutes a payment, and is therefore deductible from gross income in the year in which credited, would destroy the distinction between the accrual and the receipts and disbursements methods of accounting which is recognized and made controlling by the revenue statutes. United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347; United States v. Mitchell, 271 U. S. 9, 12, 46 S. Ct. 418, 70 L. Ed. 799. It follows therefore that plaintiff is not entitled to a deduction of the interest credited to its policyholders during 1926 on the ground that there was a constructive payment thereof in that year.

It is also urged by the plaintiff that section 245 (a) (8) of the Revenue Act of 1926, 26 USCA § 1004 (a) (8), authorizes a deduction by insurance companies of interest paid or accrued, within the taxable year on its indebtedness. The language of this subsection is the same as section 234 (a) (2) of the act, 26 USCA § 986 (a) (2), relating to deductions by ordinary corporations, and section 214 (a) (2), of the act, 26 USCA § 955 (a) (2), relating to deductions by individuals, and, in our opinion, the term "paid or accrued" must be construed, according to the method of accounting employed as provided in section 200 (d) of the Revenue Act of 1926, 26 USCA § 931 (d). We think that, in the enactment of subdivision (8) of section 245 (a), of the Revenue Act of 1926, Congress did not intend to make an exception in favor of insurance companies to the recognized rule that deductions from gross income should be determined in accordance with the method of accounting employed.

The petition is dismissed. It is so ordered.