## COMMISSIONER OF INTERNAL REVENUE v. RAIL JOINT CO.

### No. 29.

Circuit Court of Appeals, Second Circuit.

Nov. 7, 1932.

G. A. Youngquist, Asst. Atty. Gen. (J. Louis Monarch and Helen R. Carloss, Sp. Assts. to Atty. Gen., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and W. R. Lansford, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for petitioner.

E. F. Colladay and Wilton H. Wallace, both of Washington, D. C., for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

In 1914 the taxpayer, a New York corporation, approved an appraisal of its assets which added $3,000,000 to its surplus account. It then declared a dividend payable in bonds, and issued and distributed among its stockholders its own debenture bonds of a face value of $2,000,000. During the taxable years 1926 and 1927, some of these unmatured bonds were purchased by the corporation at less than their face value. The bonds so purchased were canceled, and the difference between the purchase price and the face value was credited to surplus. The question presented is whether the corporation realized a taxable gain in the amount of such difference in the years when the bonds were purchased and retired. The Board of Tax Appeals ruled that it did not. We are asked to reverse on the authority of United States v. Kirby Lumber Co., 284 U. S. 1, 52 S. Ct. 4, 76 L. Ed. 131, an opinion handed down subsequent to the Board's decision.

In the Kirby Case a corporation issued its bonds at par and later in the same year repurchased some of them at less than par. It was held that the sum thus saved was taxable income. The taxpayer's assets were increased by the cash received for the bonds, and, when the bonds were paid off for less than the sum received, it is clear that the taxpayer obtained a net gain in assets from the transaction. The cost of the money acquired by issuing the bond was decreased when the bond was retired at less than the issuing price. In other words, the consideration received for the obligation evidenced by the

bond as well as the consideration paid to satisfy that obligation must be looked to in order to determine whether gain or loss is realized when the transaction is closed; i. e., when the bond is retired. This is recognized by the Regulations (Treasury Reg. 69, art. 545) which the Kirby opinion held valid.

But that decision is not applicable to the facts of the case at bar. In paying dividends to shareholders, the corporation does not buy property from them. Here the respondent never received any increment to its assets, either at the time the bonds were delivered or at the time they were retired. They were issued against a surplus created by reappraising assets already owned; and no one suggests that in writing up the book value of property which had appreciated the corporation received anything. The bonds were merely a way of distributing a part of such surplus among shareholders. When certain of the bonds were retired at less than par, all that happened was that the corporation retained a part of the surplus it had expected to distribute, because it paid those shareholders whose bonds were redeemed at a discount, less than it had promised to pay them. Hence it is apparent that the corporation received no asset which it did not possess prior to the opening and closing of the bond transaction, and it is impossible to see wherein it has realized any taxable income. In such circumstances the Kirby Case cannot be regarded as controlling.

It is true that the purchase and retirement of the bonds in the two years in question resulted in decreasing the corporation's liabilities without a corresponding decrease in its assets, and the petitioner contends that the difference should be deemed income within the meaning of section 213 of the Revenue Act of 1926 (44 Stat. 23 [26 USCA § 954]). But it is not universally true that by discharging a liability for less than its face the debtor necessarily receives a taxable gain. Compare United States v. Oregon-Washington R. & N. Co., 251 F. 211 (C. C. A. 2); Commissioner v. Simmons Gin Co., 43 F.(2d) 327 (C. C. A. 10); Burnet v. John F. Campbell Co., 60 App. D. C. 197, 50 F.(2d) 487; Bowers v. Kerbaugh-Empire Co., 271 U. S. 170, 46 S. Ct. 449, 70 L. Ed. 886. This may be demonstrated by a simple illustration: Suppose that a taxpayer validly contracts in 1930 to give $1,000 to a charity in 1931, and in the latter year compromises the obligation by paying $500 in full settlement. If the taxpayer returns his income on a cash basis, this transaction cannot possibly increase his income. The giving of the obligation certainly added nothing to income in 1930, and the payment of it in 1931 will appear only as a deduction of the sum actually paid in that year to the use of a charitable corporation. If he were to report on an accrual basis and were allowed to deduct from gross income for 1930 the $1,000 liability incurred in that year, then it might be said that the settlement of the liability in 1931 for a less sum had released the difference to general uses of the taxpayer and the sum so released should appear as income then received in order that the returns for both years might truly reflect the effect of the whole transaction upon the net income. Upon this principle rest such decisions as Maryland Casualty Co. v. United States, 251 U. S. 342, 40 S. Ct. 155, 64 L. Ed. 297, and Charleston & W. C. Ry. Co. v. Burnet, 60 App. D. C. 192, 50 F.(2d) 342. See, also, Burnet v. Sanford & Brooks Co., 282 U. S. 359, 51 S. Ct. 150, 75 L. Ed. 383; 40 Yale L. J. 960, 963. But these authorities are inapplicable to the case at bar, for the dividend obligation evidenced by the bonds was not a liability deductible from gross income. Here neither the amount written up to surplus nor the bonds issued against it had ever been deducted from gross income for taxation purposes. Hence the entries in the surplus account are only bookkeeping entries, and do not reflect a realized taxable gain.

The order is affirmed.