## COMMISSIONER OF INTERNAL REVENUE v. COASTWISE TRANSP. CORPORATION.

### No. 2692.

Circuit Court of Appeals, First Circuit.
Dec. 17, 1932.

Francis H. Horan, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Wm. Cutler Thompson, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and W. R. Lansford, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for Commissioner of Internal Revenue.

Harris H. Gilman, of Boston, Mass. (Allan H. W. Higgins, of Boston, Mass., on the brief), for Coastwise Transp. Corporation.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals holding that there was no taxable income derived from the purchase by the corporation of its outstanding bonds or notes at less than the amount at which they were issued. The facts were agreed to and were summarized by the Board as follows:

"Coastwise Transportation Corporation, the petitioner, is a corporation organized under the laws of the State of Maine, and has a usual place of business at 100 Milk Street, Boston, Massachusetts.

"The petitioner acquired a fleet of ships from American Hawaiian Company in 1922, and in part payment of the purchase price thereof it gave its serial notes of the face value of $608,400, dated February 20, 1922, which notes were secured by a mortgage on said fleet of ships.

"During the year 1924 the petitioner purchased for $75,000 and retired two of its said serial secured notes of the face value of $76,050 each (total $152,100) which would have matured in February, 1925 and 1926.

"During the year 1925 the petitioner issued $375,000 face value of 7 percent serial gold bonds secured by mortgage on its said fleet of vessels in consideration of the return to it for retirement of the remainder of its said serial secured notes to the face value of $456,300, which were retired when received by the petitioner.

"The petitioner duly filed within the period prescribed by law and regulations then in force and effect its Federal income tax return for the year 1925. This tax return showed net income of $5,633.58, and had attached thereto schedules in which it claimed it was entitled to take as a deduction from its 1925 income the amount of its alleged 1924 net loss. The schedules showed that a net loss of $100,338.25 was reported on an amended tax return for the year 1924. The alleged net loss of $100,338.25 for the year 1924 was taken as a deduction on the petitioner's 1925 tax return.

"The Commissioner of Internal Revenue recomputed the net loss for the year 1924 and reduced it from $100,338.25 reported on the amended tax return to $23,238.25. The sole reason for the reduction in net loss was that the Commissioner found a profit of $77,100 from the purchase by the taxpayer of two of its serial notes of a face value of $76,050 each (total $152,100) for $75,000. The profit so found he deducted from the loss claimed on the amended return.

"The amount of $81,300 was included by the Commissioner in his computation of the net income for the year 1925 as a profit derived from the issue of $375,000 face value serial gold bonds in consideration of the surrender of $456,300 face value of secured notes."

Upon these findings of fact, following a line of decisions based on Bowers v. Kerbaugh-Empire Co., 271 U. S. 170, 46 S. Ct. 449, 70 L. Ed. 886, from Appeal of Independent Brewing Co. of Pittsburgh, 4 B. T. A. 870, down to Consolidated Gas Co. of Pittsburgh v. Commissioner, 24 B. T. A. 331, the Board held that any gain from the purchase by a corporation of its notes or bonds for less than the amount for which they were issued was not taxable income.

In all this line of decisions the Board ignored article 545 of the Regulations of the Treasury Department 69, which reads as follows: "Sale and retirement of corporate bonds. (1) (a) If bonds are issued by a corporation at their face value, the corporation realizes no gain or loss. * * *

"(c) If, however, the corporation purchases and retires any of such bonds at a price less than the issuing price or face value, the excess of the issuing price or face value over the purchase price is gain or income for the taxable year."

After the decision by the Board, reversing the ruling of the Commissioner that there was taxable income received by this petitioner

through the purchase of its serial notes for less than face value at which it was assumed they were issued, the Supreme Court handed down the decision in the Kirby Lumber Co. case, 284 U. S. 1, 52 S. Ct. 4, 76 L. Ed. 131, in which it held that the purchase of its bonds by a corporation at a less price than they were sold for resulted in taxable income, since it released assets available for use other than as an "offset against its obligation on its bonds now extinct." The Supreme Court in its opinion also indicated its approval of article 545 of Treasury Regulation 69, as a correct statement of the law, and differentiated the Kirby Lumber Co. Case from the Kerbaugh-Empire Co. Case, supra, since in the latter case it appeared that the transaction as a whole resulted in a loss.

Since the decision in the Kirby Lumber Co. Case, the Board of Tax Appeals has reversed its practice in this class of cases; and in the Consolidated Gas Co. of Pittsburgh v. Commissioner, 24 B. T. A. 901; Woodward Iron Co. v. Commissioner, 24 B. T. A. 1050; Suncrest Lumber Co. v. Commissioner, 25 B. T. A. 375, and Norfolk Southern Railroad Co. v. Commissioner, 25 B. T. A. 925, it has held that a purchase of the bonds of a corporation at less than the price they were sold for resulted in taxable income.

From the record in this case and the findings of fact by the Board, and in accordance with its recent practice since the decision in the Kirby Lumber Co. Case, it is clear, we think, the Board should have sustained the ruling of the Commissioner.

It is urged by the taxpayer, however, that there was no release of free assets by the transactions involved in this case; that the petitioner lost a large sum of money in 1924, the inference being that its assets had thereby been depreciated; and it is further urged that the substitution of bonds of the face value of $375,000 for serial notes of the face value of $456,300 was in the nature of a reorganization of the taxpayer. But the stipulated facts and the findings of the Board do not sustain this. What the petitioner could have shown in this respect we do not know. Under the Board's practice prior to the decision of the Supreme Court in the Kirby Lumber Co. Case, it was not necessary to stipulate or determine such facts.

Upon the record before this court and the facts agreed upon, we think the case is controlled by the Kirby Lumber Co. Case, and the decision of the Board of Tax Appeals must be reversed and the case remanded to the Board for a new hearing on the facts and such further proceedings as are not inconsistent with this opinion.

The decision of the Board of Tax Appeals is reversed, and the case is remanded to that Board for further proceedings not inconsistent with this opinion.