## COMMISSIONER OF INTERNAL REVENUE v. AMERICAN CHICLE CO.

### No. 380.

Circuit Court of Appeals, Second Circuit.

May 8, 1933.

Sewall Key, J. Louis Monarch, and William Cutler Thompson, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Byron M. Coon, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for petitioner.

Breed, Abbott & Morgan, of New York City (Paul L. Peyton, of Bronxville, N. Y., and William C. Breed, of New York City, of counsel), for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

The question presented by this appeal arises as follows: In 1914 the taxpayer, which keeps its books on an accrual basis, bought all the assets of another company, and assumed its debts. These included an issue of bonds which provided for an annual amortization by purchase in the market. In the years 1924 and 1925, the taxpayer, in accordance with its obligation bought a number of these bonds at less than their face and so retired them. The Commissioner charged it, as present income, with the difference between the face of these bonds and the amount at which they were bought. The taxpayer appealed, the Board expunged this part of the deficiency, and the Commissioner in turn appealed to this court.

The question depends for its answer upon the scope of the decision of the Supreme Court in United States v. Kirby Lumber Co., 284 U. S. 1, 52 S. Ct. 4, 76 L. Ed. 131, where it was held that such a profit was income, in a case where the bonds had been issued by the taxpayer for money, and been bought and retired in the same year. The First circuit in Commissioner v. Coastwise Transportation Co. (C. C. A.) 62 F.(2d) 332, extended the doctrine to a case where the taxpayer had bought a fleet of ships, for which it gave in part payment a series of notes secured by a mortgage on the fleet. Some of these it retired at less than par. Later it refunded the notes by a bond issue, some of which it also retired at less than par. As to both it was charged with the difference as income. These are the only decisions in the courts which have dealt with the question. However, since 1921 the Commissioner's regulations (now article 545, Regulations 69), have provided that although, "if bonds are issued * * * at their face value, the corporation realizes no gain or loss," it does so upon their retirement at less than their "face value." This was the regulation approved in United States v. Kirby Lumber Company. Athol Mfg. Co. v. Com'r, 54 F.(2d) 230 (C. C. A. 1), and Commissioner of Internal Revenue v. Rail Joint Co., 61 F.(2d) 751 (C. C. A. 2), do not touch the question at bar at all.

We can see no difference between bonds retired in the same year and later; nor between those issued in payment for property, and an existing mortgage assumed by the buyer when the property is transferred. But the distinction does seem to us critical between obligations whose consideration is money, and those issued or assumed for property which the obligor still holds. Every increase in the value of property might indeed be treated as a "gain," though that would involve appraising taxpayers' property each year; but such is not the notion

underlying our system of taxation. The gain must be "realized," either by a sale of the property for money, or by its exchange for something else. Section 935, title 26, U. S. Code (26 USCA § 935). When a taxpayer gets money by issuing an obligation which he later discharges for less than its face, the transaction is completed, because money need not be sold or exchanged to be "realized." So we read United States v. Kirby Lumber Co., supra, 284 U. S. 1, 52 S. Ct. 4, 76 L. Ed. 131. But if he buys property by an obligation in the form of a bond, note, or the like, and if it remains in kind after the debt is paid, there can be no "gain." The cost has indeed been definitively settled, but that is only one term of the equation; as long as the other remains at large, there is no "realized" gain.

Order affirmed.