COMMISSIONER OF INTERNAL REVENUE v. COASTWISE TRANSP. CORPORATION.

No. 2866.

Circuit Court of Appeals, First Circuit.

May 18, 1934.

MORTON, Circuit Judge, dissenting.

See, also, 62 F. (2d) 332.

J. Louis Monarch, Sp. Asst. to Atty. Gen. (Sewall Key and J. P. Jackson, Sp. Assts. to Atty. Gen., on the brief), for petitioner for review.

Leonard Wheeler, Jr., of Boston, Mass. (Robert E. Goodwin and Allan H. W. Higgins, both of Boston, Mass., on the brief), for Coastwise Transp. Corporation.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

The Coastwise Transportation Corporation acquired a fleet of ships from the American Hawaiian Company in 1922 and gave, as part payment therefor, serial notes of the face value of $608,400 secured by mortgage on the ships. In 1924, the corporation purchased for $75,000 two of these notes having a face value of $152,000, thereby making a gain of $77,100; and in 1925, by negotiations through a syndicate, acquired $456,300 of the notes in exchange for bonds having a par value of $375,000, thus making a gain of $81,300. The mortgage notes were retired by the corporation. In making a deficiency return for the years 1924 and 1925, the Commissioner assessed these two amounts of $77,100 and $81,300 as taxable income for the respective years, from which assessments the corporation appealed to the Board of Tax Appeals. The Board reversed the ruling of the Commissioner, and the case came before us on his petition for review. It also appeared that in 1924, without taking into consideration the gain for that year by the purchase of the two notes, the corporation suffered a net loss of $100,338.25, which it took as a deduction in its return for 1925.

Upon these facts we held when the case was previously before us (62 F. (2d) 332, 334) that it was governed by the decision in United States v. Kirby Lumber Co., 284 U. S. 1, 52 S. Ct. 4, 76 L. Ed. 131, and that the Commissioner was correct in treating the gains realized by the purchase of the notes for less than their face value as taxable income. The case, however, was remanded to the Board of Tax Appeals to find further facts as to the depreciation of the assets of the corporation through losses in operation and by depreciation, whether the negotiations with reference to these notes amounted to a reorganization of the corporation, and "for further proceedings not inconsistent with this opinion."

On rehearing the Board found no evidence of a reorganization of the corporation. It also found that from the time the vessels were purchased in 1922, down to December 31, 1924, they had depreciated in value from $1,267,500 to $1,083,419.73, or to the extent of $184,080.25; that as of December 31, 1923, the balance sheet of the corporation showed a deficit of $73,340.24, and as of December 31, 1924, after taking into consideration the mortgage notes, a deficit of $113,883.31, and, applying the $81,300 by which the liabilities were further reduced, there would still remain a deficit of $32,583.31, which was not likely to have been wiped out during the first part of January, 1925; that this was in addition to the loss by depreciation of the vessels, which in itself amounted to more than the gains made from the purchase of the notes; and that at the close of 1925 there was a surplus of $49,452.52.

The Board, in its findings, gives the details of the negotiations with the American Hawaiian Company and the syndicate resulting in retiring the mortgage notes for less than their face value, and comes to the conclusion that "the transactions merely amounted to a reduction in the purchase price of the fleet of vessels, that there was no release of free assets by the transactions involved, and that the operation in 1924 resulted in a loss." It was therefore of the opinion that United States v. Kirby Lumber Co., supra, did not apply and the gains were not taxable income.

We have carefully reviewed these transactions and can find nothing therein that indicates they had anything to do with the purchase price of the vessels. The parties dealt solely about the notes and their value and not about the ships or their value. The offer of the Coastwise Corporation and the acceptance of the American Hawaiian Company were in writing and were for the purchase and sale of the notes at a reduced price and not an agreement that the Hawaiian Company should reduce the purchase price of the ships. The gains came about from a reduction in the value of the notes. The contract being in writing, its construction and meaning are for the court.

We still are of the opinion that the principles upon which the Kirby Lumber Company Case was decided apply here, and especially so in view of the decision of the Supreme Court in Helvering, Commissioner, v. American Chicle Co., 54 S. Ct. 460, 78 L. Ed.

891, decided March 5, 1934. In the latter case, if not in the former, the taxpayer assumed the obligations of the seller as a part of the purchase price of the assets (which were not cash), but the Supreme Court reversed the decision of the Circuit Court of Appeals for the Second Circuit, 65 F.(2d) 454, which affirmed the Board of Tax Appeals, and held that the gain realized by the purchase of the obligations of the Chicle Company was taxable income, thereby affirming the ruling of the Commissioner. It is true that in both the Kirby and the Chicle Company Cases the notes or bonds were purchased in the open market and not, as here, from the seller of the property. But this can make no difference in the character of the gains. In each of those cases, as in this, the liabilities of the taxpayer were diminished without a diminution of the assets.

The Board also ruled and the Coastwise Corporation here contends that, because of the losses in operation since the purchase of the vessels, the depreciation of the vessels, and the general deficit at the end of 1924 and the first of 1925, which was more than the amount of the gains in question, the case does not come within the Kirby Company or the Chicle Cases, where no such losses were shown, but that Bowers v. Kerbaugh-Empire Co., 271 U. S. 170, 46 S. Ct. 449, 70 L. Ed. 886, controls. That case deals with a completed transaction, and, although the debt incurred by the borrowing of gold German marks or their equivalent in dollars, was paid in depreciated marks and to that extent a gain was realized, there was a net loss, the money borrowed having been lost in the business of the company. Here the operation of the vessels had not ceased and they were still in the possession of the Coastwise Corporation. While as a mere matter of bookkeeping the assets had shrunk, no one could say what the ultimate result would be, for the market value of the ships at the end of 1924 and the first of 1925 may or may not have been equal to the purchase price. The corporation, in 1925, made a large net gain, and evidently there were prospects of wiping out the losses. All that could have been said with positiveness was that the property mortgaged to secure the notes (which were only a small part of the purchase price) was of a value more than sufficient to pay the indebtedness of $608,400 and was, by the payment of $450,-000, released therefrom—a clear gain of $158,400.

The taxing statute does not contemplate awaiting the sale of the ships and the winding up of the business to determine whether the transactions on the whole brought about a gain or a loss. The year was the taxing period, specified, and any income from any source whatever within that year was taxable. The gains in 1924 and 1925 lessened the obligations of the corporation by $150,400, thereby increasing its free or net assets by the same amount, and we hold they were taxable income.

The ruling of the Board of Tax Appeals is reversed, and that of the Commissioner is affirmed.

MORTON, Circuit Judge (dissenting).

I regret that I am unable to agree. Income is realized gain. An extinguishment of liabilities does not necessarily constitute income; it may or may not do so. If a man owes a million and has no assets, he does not realize an income of $500,000 by compounding half his debts for a nominal sum. In the aspect of it under discussion, income consists of freeing assets from a claim for debt for which they would otherwise be held. The distinction is stated with perfect clearness in the Kirby Case and reaffirmed, as it seems to me, in the American Chicle Case.

The Board of Tax Appeals found "that the transactions (here in question) merely amounted to a reduction in the purchase price of the fleet of vessels, that there was no release of free assets by the transactions involved. * * *" "Here, the transaction as a whole—the purchase and operation of the ships—was a loss. There was a shrinkage in assets. The reduction in purchase price in the instant case did not make available to the petitioner $158,400 of assets offset by the notes retired. It merely reduced the liability and thereby diminished the loss." These findings of fact appear to have been correct; they are not challenged in the government's brief. As the government's claim to the additional tax depended on proof that the reduction of indebtedness did free assets, and as that appears not to have been the fact, I think the claim was properly disallowed by the Board of Tax Appeals and that its judgment should be affirmed. See Maryland Casualty Co. v. United States, 251 U. S. 342, 40 S. Ct. 155, 64 L. Ed. 297; Bowers v. Kerbaugh-Empire Co., 271 U. S. 170, 46 S. Ct. 449, 70 L. Ed. 886; United States v. Kirby Lumber Co., 284 U. S. 1, 52 S. Ct. 4, 76 L. Ed. 131; and Helvering v. American Chicle Co. (March 5, 1934), 54 S. Ct. 460, 78 L. Ed. 891.