FASHION PARK, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37054.   Promulgated January 26, 1954.

*Scott Stewart, Jr., Esq.*, for the petitioner.
*John J. O'Toole, Esq.*, for the respondent.

602

## OPINION.

BRUCE, *Judge:* It is petitioner's contention that cancellation of the 5 per cent $50 debentures which it acquired in the taxable years resulted in no taxable gain, as the price paid upon the acquisition was in each case in excess of the $5 per share paid in for the preferred stock for which they were exchanged. With respect to the debentures received as dividends from its affiliates, petitioner contends that these represented income only to the extent of their fair market value at the date of such receipt, which amount is included in its income in the year of receipt.

Respondent does not dispute petitioner's contention that its debenture bonds were substituted for preferred stock, which in turn had been at a prior date substituted for the preferred stock of a predecessor corporation which had issued it at a price of $5, and that such transactions were in the course of nontaxable reorganizations and the debentures in consequence were to be considered as having been issued by the petitioner at a price of $5 each instead of the $50 stated value as carried on its books. Respondent argues that, irrespective

of circumstances of issuance of the debentures and what consideration may be considered as received therefor, from their issuance they constituted a liability of the petitioner in their face amount and when acquired by petitioner for a lesser amount, the transaction resulted in a reduction of liabilities which constituted taxable income in that amount.

The respondent relies upon *United States* v. *Kirby Lumber Co.*, 284 U. S. 1, and *Helvering* v. *American Chicle Co.*, 291 U. S. 426, as authority for this contention. He argues that, no matter what the circumstances in connection with the assumption of liability, such liability is a claim against all corporate assets; that the release thereof for a sum less than its face amount constitutes a freeing of corporate assets to that extent; and that under these two decisions the difference between the amount paid in satisfaction of the obligation and the face of the obligation constitutes taxable gain.

From a careful study of *United States* v. *Kirby Lumber Co.*, *supra*, we cannot agree that it supports respondent's contention. To construe that decision as respondent argues is, we think, to extend its rule far beyond the scope in which it is operative. In that case the corporate bonds involved had been issued at par and were retired at a figure below the price received. There the issuing corporation after the retirement stood possessed of so much of the consideration which it had received upon issuance as exceeded the price it paid to purchase and retire the bonds. On these facts that decision was rendered. Any such difference between the issued and face price paid for their cancellation was held to have been realized as an addition to surplus and consequently was taxable gain. In that case there was *in fact* an *actual* gain to the corporation by the transaction.

The decision in *Helvering* v. *American Chicle Co.*, *supra*, justifies no extension of the principle laid down in *United States* v. *Kirby Lumber Co.*, *supra*. In that case the corporation had assumed certain liabilities in acquisition of assets and later compromised its indebtedness for a lesser amount. The Court there called attention to the deficiency in the record in its failure to advise the Court as to the value of the assets originally acquired. Without information as to such value no determination could be made that a gain had not been realized, and there was a possibility that if such showing had been made it would have demonstrated a large gain as actually realized. Upon such facts the Court had no recourse but to apply the *Kirby Lumber Co.* rule, and sustained the Commissioner upon his determination of a gain representing the difference between the amount of the liability compromised and the sum paid in that settlement.

In the case at bar the petitioner has secured the settlement and discharge of its bond liability at a figure below its face amount. If by

reason of this transaction it stands now possessed of something in excess of what it had before, as was the case in *Kirby Lumber Co.*, there would be no question of the application of the rule in that case. Here, however, the amount received originally as the basis of the obligation must be considered as $5 for each bond, and although the bonds represented a corporate obligation in their face amount, the retirement of that obligation for a lesser amount by a payment far in excess of the amount received upon the assumption of the liability does not in fact leave the petitioner with an increase in assets over what it had before.

The question here presented was before us, upon what we consider as practically the same facts, in *Rail Joint Co.*, 22 B. T. A. 1277. In that case, as here, the taxpayer, upon the basis of an engineering appraisal, determined a sum as representing appreciation in value of its assets, entering this upon its books as capital surplus. Against this sum so determined and entered, it issued bonds which it distributed to its stockholders as a dividend. Subsequently it purchased in the open market certain of these bonds at a figure far below their face price. On these facts, we said:

In our opinion, there has been no gain to be included in income from this transaction. We reach this conclusion not merely because the case is somewhat like numerous others already decided, but because an analysis of its own facts discloses less ground for a determination of income than some of those heretofore considered. *National Sugar Mfg. Co.*, 7 B. T. A. 577; *John F. Campbell Co.*, 15 B. T. A. 458 (now on review); *Kirby Lumber Co.*, 19 B. T. A. 1046 (now on review); *Coastwise Transportation Co.*, 22 B. T. A. 373.

\* \* \* \* \* \* \*

It is not enough to speak only of buying and retiring bonds for less than par; the question is whether there has been gain under all the circumstances, and this requires consideration of all that has been received or accrued on the one hand and given up on the other. \* \* \*

At the time of our decision in *Rail Joint Co.*, *supra*, *United States* v. *Kirby Lumber Co.*, *supra*, was pending for review by the Supreme Court. Our decision in *Rail Joint Co.* was reviewed by the Second Circuit and affirmed, 61 F. 2d 751, in an elaborate opinion which cited, analyzed, and distinguished the opinion of the Supreme Court which in the meantime had been announced in *United States* v. *Kirby Lumber Co.*, *supra*.

Since our decision in *Rail Joint Co.* there have been many decisions upon cases involving the retirement of corporate obligations at less than their face amount, and we have been unable to find in the opinion in any case a criticism of that decision or a different result reached upon facts similar to those there involved.

We can see no conflict between the decision in the *Rail Joint Co.* case and *Kirby Lumber Co.* or *American Chicle Co.* In *Kramon De-*

*velopment Co.,* 3 T. C. 342, we drew attention to the limitation of the *Kirby Lumber Co.* case, saying:

The discrepancy between the value of the property as we have found it and the face value of the bonds raises the question whether the latter were issued at par within the meaning of respondent's regulations. See *Sacramento Medico Dental Building Co.,* 47 B. T. A. 315; cf. *American Smelting & Refining Co.* v. *United States* (C. C. A., 3d Cir.), 130 Fed. (2d) 883. But, if not, the *Kirby* case offers no guidance. Its reliance on the regulations, e. g., Regulations 62, art. 545, see Regulations 101, art. 22 (a) (18), demonstrates the area in which its operation was intended to be confined, and indicates that the difference between purchase price and face value is significant only where there is no discount upon issuance. See *Terminal Investment Co.,* 2 T. C. 1004, 1013. We have consistently taken this view and emphasized the issue price rather than par value in computing gain from the discharge of obligations. * * *

In *Kramon Development Co., supra,* we held no gain to have been realized by the taxpayer as it was insolvent before and after the transaction.

Respondent contends that the *Rail Joint Co.* case is not only in conflict with *Kirby Lumber Co.* and *American Chicle Co.,* but that this Court has repudiated that decision in *Spear Box Co.,* 13 T. C. 238, affd. 182 F. 2d 844. An examination of our opinion in that case discloses that the decision in *Rail Joint Co.* was not even mentioned, for the very evident reason that an entirely different situation was there presented. There was no suggestion in that case that the bonds of the taxpayer acquired by it at less than face value and retired had been issued at anything less than their full face value. *Spear Box Co., supra,* has no application here. It is a case falling squarely within the rule of *Kirby Lumber Co.*

This question of whether gain has been realized upon retirement of corporate obligations for less than face value has arisen under various different and sometimes perplexing facts, but the decision in each type of case is predicated upon a determination as to whether there has been in fact an increase in the taxpayer's assets by reason of the transaction. If it has received more than it has paid out in cancellation of the indebtedness, the result is an increase in its surplus (*Kirby Lumber Co., supra*) ; if it was insolvent before the transaction and was not made solvent thereby, it has no surplus increase and consequently there is no gain (*Kramon Development Co., supra; Dallas Transfer & Terminal Warehouse Co.* v. *Commissioner,* 70 F. 2d 95; *Lakeland Grocery Co.,* 36 B. T. A. 289; *Texas Gas Distributing Co.,* 3 T. C. 57) ; if it has received upon issuance of its bonds an amount less than it paid for their retirement it has no accession in assets but is in fact poorer by the transaction (*Rail Joint Co., supra*). A recognition of this basic principle is found in the decision by the Supreme Court in *Bowers* v. *Kerbaugh-Empire Co.,* 271 U. S. 170, where it was held that, as the

result of the transaction left the taxpayer with a loss, no gain could be computed although one of the steps in the transaction was represented by the reduction of liabilities for a lesser amount.

Respondent calls attention to the fact that whenever a corporate liability is settled for less than its full amount there results an increase in book *net worth*. Under his theory an increase in book net worth has, for tax purposes, the same effect as an increase in earned surplus. With this we do not agree. A gift of assets to a corporation, such as one often made by a municipality to induce the location there of a plant, increases corporate net worth, but such increase is nontaxable income. Cf. *Detroit Edison Co.* v. *Commissioner*, 319 U. S. 98. Also the determination of an unrealized increment in value of corporate assets upon the basis of an appraisal, which increase, as was the case here, set up on the corporate books as capital surplus, is reflected as an increase in book net worth. Respondent's theory would be to tax such increase as income, but to do so would be to disregard the test of income as laid down in *Eisner* v. *Macomber*, 252 U. S. 189, and the specific decision upon this question in *LaBelle Iron Works* v. *United States*, 256 U. S. 377, which has been followed in an unbroken line of decisions, for it would tax as income the $45 of unrealized appreciation basing the issue of each $50 bond.

Upon the facts here disclosed, we hold that the petitioner realized no income in the retirement of the debenture bonds in question.[1]

Reviewed by the Court.

*Decision will be entered for the petitioner.*

---

[1] Section 22 (b) (9). of the Internal Revenue Code as amended by section 114 of the Revenue Act of 1942, and extended from year to year thereafter, has been noted but is not discussed herein for the reason that the record does not disclose any election by the petitioner thereunder and the provision has not been discussed or relied upon by either of the parties in brief or otherwise.

