**ROXY CUSTOM CLOTHES CORP.**

v.

**UNITED STATES.**

No. 452–56.

United States Court of Claims.

April 8, 1959.

Robert Kopple, New York City, for plaintiff.

Theodore D. Peyser, Jr., Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. James P. Garland and Philip R. Miller, Washington, D. C., were on the brief.

WHITAKER, Judge.

Plaintiff sues for the recovery of an alleged overpayment of income taxes for the year 1948 in the sum of $1,564.24.

In the year 1946 plaintiff deducted the sum of $27,870.77 as a part of the cost of

852

goods sold, representing an amount plaintiff owed J. Everett Levinsohn Company for goods purchased from it. In the year 1948 plaintiff credited its "accounts payable" with this sum of $27,870.77, and reported it as income in that year. It now says that this was erroneous; that in the year 1948 it was still liable on this account and that it continued to be liable thereon until the year 1953, in which year the statute of limitations ran against the collection thereof, and, hence, that it should not have reported the amount as income until that year.

This is the first ground asserted for its alleged overpayment of taxes for 1948. The second ground is the following:

In 1947 one Harold Tanney sued plaintiff for $10,000 for breach of contract. In that year plaintiff deducted $5,000 on account of its liability to Tanney. In 1948 plaintiff settled Tanney's 'aim for $1,500, and in that year it reported the difference between this amount and the $5,000 it had previously deducted as income. The Internal Revenue Service disallowed $3,500 of the $5,000 deducted in 1947; hence, plaintiff says, this amount of $3,500 should be deducted from the gross income it reported for the year 1948. Defendant concedes this item.

Plaintiff also says that it overstated its income for 1948, in that it deducted from its gross income New York City's gross receipt taxes for 1948, computed at 1/10th of 1 percent of its gross receipts; whereas, the City of New York on June 30, 1948, had increased the gross receipts tax from 1/10th of 1 percent to 1/5th of 1 percent. It, therefore, says it was entitled to reduce its gross income for 1948 by the additional amount of $887.44.

Defendant concedes that plaintiff is entitled to an additional deduction on this account, but it states that the amount of the additional deduction is $691.92. The correct amount would appear to be what plaintiff claims, to wit, $887.44.

Lastly, one William Henry, in 1945, made a claim against plaintiff for $5,000 for commissions alleged to be due him. Plaintiff deducted this amount from its income for 1945. In 1948 the claim was settled for $500; but plaintiff failed to report any amount as income on account of the settlement. Defendant claims that its income for 1948 should be increased by the sum of $4,500 on account of this transaction.

1. The first and principal question presented is whether the amount of $27,870.77 is properly includable in plaintiff's gross income for the year 1948.

The case was tried on an agreed statement of facts. All that this shows with reference to this transaction follows:

"5. Included in its gross income for 1948 was an item of $27,870.77 representing the write-off of an amount owing by plaintiff to J. Everett Levinsohn Co., a clothing manufacturer. This item was credited to income by the following entry on plaintiff's books.

" 'March 30, 1948

Accounts payable ................ $27,870.77
    Purchases ............................. $27,870.77
                    To eliminate liability to Levinsohn.'

This item was previously deducted on plaintiff's return for 1946 as an accrued expense which was a part of cost for goods sold. Under the local law, the statute of limitations in New York (Section 48 of the Civil Practice Act) applicable to this does provide for a six-year term which did not expire until 1953."

All that we know about this transaction, therefore, is that in 1946 plaintiff deducted as a part of the cost of goods sold $27,870.77 as an amount it owed J. Everett Levinsohn Company, and that in the year 1948 it wrote off this liability to Levinsohn Company and reported this amount as income in that year. Why it wrote off this liability to Levinsohn Company is not explained by the agreed statement of facts. All that we have before us is plaintiff's statement that in the year 1948 this liability to Levinsohn was eliminated. If this liability was eliminated in 1948, then, of course, plaintiff should have returned this amount as income in that year.

The case is as simple as that. The only complication is presented by state-

ments plaintiff's counsel makes in its brief. Plaintiff in its brief says that it bought some goods from J. Everett Levinsohn Company for the sum of $27,870.-77, but that Levinsohn Company failed to present it with a bill therefor or to demand payment thereof. Notwithstanding this, plaintiff says it continued to be liable to Levinsohn for this amount until the statute of limitations barred its collection in 1953. Plaintiff, therefore, says that the amount should not have been included in its income so long as the liability was outstanding.

This would be true, except for the fact that plaintiff itself in the year 1948 credited its accounts payable with this amount and stated it was doing so "to eliminate liability to Levinsohn." No explanation is made as to why this liability to Levinsohn should have been eliminated in 1948. What, if anything, had transpired between plaintiff and Levinsohn does not appear. We only have plaintiff's statement that the liability to Levinsohn was eliminated in 1948. This is all we know.

■ Plaintiff assumes in its brief that by the year 1948 plaintiff had concluded that, Levinsohn having overlooked presenting it with a bill up to that time, it was safe in thinking that Levinsohn never would present it with a bill, and that, therefore, it would never have to pay the account. But even if we should entertain such a surmise, nevertheless, plaintiff thought that the likelihood of Levinsohn's ever presenting it with a bill was so remote that it was justified in treating this amount as income available to it for such use as it cared to put it. It thought it was justified in including this as income on its financial statements to be presented to its bank or its other creditors. It felt justified in using this money as its own, and it actually did so. Under such circumstances, such amount is properly includable in plaintiff's income.

This conclusion finds support in the following cases: In Chicago, R. I. & P. R. Co. v. Commissioner, 7 Cir., 47 F.2d 990, the Railway Company had collected

sums in excess of fares due from passengers. The passengers were due a refund of this excess, but the Railroad Company did not know the identity of the passengers, and it seemed unlikely that the passengers would ever make demand for a return of the excess paid. Under such circumstances, the court held that it was properly includable in income, although the statute of limitations had not run. Certiorari was denied by the Supreme Court, 284 U.S. 618, 52 S.Ct. 7, 76 L.Ed. 527.

In Charleston & W. C. R. Co. v. Burnet, 60 App.D.C. 192, 50 F.2d 342, the Railway Company, after the lapse of three years, included in its income wages earned by employees but not claimed by them.

In National Ry. Time Service Co. v. Commissioner, 7 Cir., 88 F.2d 904, the plaintiff, a wholesale jeweler, had received from a railway company amounts deducted from the wages of its employees for watches purchased from retail jewelers under an agreement to remit the amounts to the retail jewelers selling the watches, upon receipt of information as to the amount due each. In some instances the retail jewelers neglected to send in the necessary information, so that plaintiff was unable to pay out all of the amounts it had collected. After two years it treated the unclaimed amounts as income. This was held to be proper, although plaintiff paid the retailers' claims, regardless of the length of time that had elapsed before the claim was presented.

In Boston Consolidated Gas Co. v. Commissioner, 1 Cir., 128 F.2d 473, the Gas Company had collected numerous deposits over a period of years, which were refundable to the depositors on demand, but, no demand having been made over some considerable period, the Gas Company treated these deposits as income. The court held that this was proper.

In all of these cases the liability for these amounts was still outstanding when the taxpayer asserted the right to use the money, and in fact did use it, for the general uses of the company. It was on this theory that the courts held that it

**854**

was properly treated as income in the year in which the taxpayer treated it as available for its own use.

See also Fidelity-Philadelphia Trust Co. v. Commissioner, 23 T.C. 527; and Atlantic Coast Line Railroad Co. v. Commissioner, 23 B.T.A. 888.

So, even if we accept plaintiff's statement of the reason for the elimination of this liability in 1948, which was not included in the stipulation of facts, we are of opinion that plaintiff is not entitled to have its gross income for 1948 reduced by the amount which it had included therein on account of the write-off of this liability.

■ 2. In 1945 plaintiff deducted $5,000 on account of commissions due William Henry. In 1948 plaintiff settled Henry's claim for $500. The balance of the liability which it had deducted in 1945, therefore, became available to plaintiff for its general use in 1948, and was properly includable in its income for that year. So far as the stipulation of facts shows, plaintiff did not contest Henry's claim for the commission due him and, therefore, it properly deducted the amount in 1945 and, hence, when it was able to settle the claim for $500, the balance became income to it in the year in which the settlement was made.

Plaintiff's income for 1948, therefore, is to be decreased by the sum of $3,500 on account of the settlement of the suit by Harold Tanney, and by the sum of $887.44 on account of the additional liability for gross receipts taxes due to the City of New York; and it is to be increased by the sum of $4,500 on account of the excess of the deduction for commissions due William Henry over the amount of the settlement made in 1948. Plaintiff, therefore, is not entitled to recover, and its petition will be dismissed.

It is so ordered.

JONES Chief Judge, MARIS, Circuit Judge (retired), sitting by designation, and LARAMORE and MADDEN, Judges, concur.