**BURNET, Commissioner of Internal Revenue, v. JOHN F. CAMPBELL CO.**

**No. 5121.**

Court of Appeals of District of Columbia.
Argued April 10, 1931.
Decided May 4, 1931.

C. M. Charest, Sewall Key, and John G. Remey, all of Washington, D. C., for appellant.

Harry Friedman and John F. Richter, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This case involves income taxes for the years 1922 and 1923.

The record discloses that in the years 1920, 1921, 1922, and 1923, the John F. Campbell Company, a corporation, was engaged in the sugar and rice brokerage business in the city of Chicago. Its books during these years were kept on the accrual basis. In 1920 the corporation became indebted to the B. H. Howell Son & Co. and the Colonial Sugar Company for goods purchased to the extent of $24,700 and $114,200, respectively. In satisfaction of these obligations, the creditors agreed, on January 21, 1921, to accept $2,500 in cash and a 75 per cent. interest, amounting to $88,788.05, in certain accounts receivable held by the corporation against other parties. Also in 1921 certain other creditors of the corporation agreed to accept the sum of $4,436.59 in satisfaction of debts amounting to $6,882.15 owing to them by the corporation on account of goods purchased. As a result of these agreements a total indebtedness of $50,087.51 owing by the corporation was canceled or forgiven during the year 1921 by its creditors.

In its income tax return for 1921, the taxpayer reported a net loss of $50,545.64 from the operation of its brokerage business. During the years 1922 and 1923 the taxpayer derived a net income from the operation of its business of $4,018.22 and $34,755.43, respectively. In its income tax returns for 1922 and 1923, the taxpayer carried forward the net loss of $50,545.64, which it had reported for 1921, and applied it against the net income from its business for the latter years.

The Commissioner reduced the net loss reported by the taxpayer for 1921 to $458.13 by including as income within the return for that year the sum of $50,087.51, representing the amount of the taxpayer's indebtedness which had been canceled by its creditors during the year. This action reduced the loss for 1921 to be carried over to 1922 and 1923, and resulted in proposed deficiencies in the taxpayer's taxes in the sum of $252.28 for 1922 and $4,344.43 for 1923.

The Commissioner in reporting this redetermination to the taxpayer gave in part the following explanation: "The discharge of indebtedness in 1921 by an agreement with the debtors to take a cash payment and certain securities receivable held by your corporation in full settlement of an indebtedness larger than the cash payment and securities so taken is held to be a cancellation of part of the indebtedness without desiring to benefit the debtor, and the amount canceled constitutes income to your corporation in 1921. * * * "

The action of the Commissioner was reviewed by the Board of Tax Appeals, 15 B. T. A. 458, and the ruling was held to be erroneous. The Board held that in this case the cancellation of indebtedness did not amount to taxable income. The present proceeding is brought to review that decision.

We agree with the Board's decision. It is plain that early in 1921 the taxpayer was in financial distress, and was probably insolvent, and that its creditors canceled part of their claims against it in order to secure payment of the balance of their claims. This relief enabled the taxpayer to continue business and to realize a profit in the years 1922 and 1923. It is public history that the time in question witnessed great disturbance in such business as the taxpayer was then engaged in.

This forbearance did not produce taxable income to the taxpayer. "Income" within the purview of the Revenue Acts has been defined to be "gain derived from capital, from labor, or from both combined," and includes "profit gained through a sale or conversion of capital assets." Stratton's Independence v. Howbert, 231 U. S. 399, 415, 34 S. Ct. 136, 140, 58 L. Ed. 285; Doyle v. Mitchell Bros. Co., 247 U. S. 179, 185, 38 S. Ct. 467, 62 L. Ed. 1054; Eisner v. Macomber, 252 U. S. 189, 206, 207, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570. "In determining the definition of the word 'income' thus arrived at, this Court has consistently refused to enter into the refinements of lexicographers or economists, and has approved, in the definitions quoted, what it believed to be the commonly understood meaning of the term which must have been in the minds of the people when they adopted the Sixteenth Amendment to the Constitution." Merchants' L. & T. Co. v. Smietanka, 255 U. S. 519, 41 S. Ct. 386, 389, 65 L. Ed. 751, 15 A. L. R. 1305. We do not believe that the term "income" as commonly understood applies to the partial cancellation by a creditor of a debt due to him from a disabled debtor, in order that such debtor may thereby be enabled to pay the balance of the debt.

"The fact that after the transaction the plaintiff's balance sheet had improved was not sufficient to constitute 'a gain derived from capital.' If anything, it was a gain accruing to capital, and, as such, under the Eisner [252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570], and Phellis Cases [257 U. S. 156, 42 S. Ct. 63, 66 L. Ed. 180], was not taxable income." Kerbaugh-Empire Co. v. Bowers (D. C.) 300 F. 938, 944, affirmed 271 U. S. 170, 46 S. Ct. 449, 70 L. Ed. 886.

This view has been consistently taken by the Board of Tax Appeals in many similar cases, beginning with Appeal of Meyer Jewelry Co., 3 B. T. A. 1319, decided January 26, 1926. See Appeal of Independent Brewing Co., 4 B. T. A. 870; Appeal of New Orleans, etc., Ry. Co., 6 B. T. A. 436; Houston, etc., Ry. Co. v. Com'r of Internal Revenue, 6 B. T. A. 1364; Indianapolis St. Ry. Co. v. Com'r of Internal Revenue, 7 B. T. A. 397; A. M. Lawrence v. Com'r of Internal Revenue, 13 B. T. A. 463; American Seating Co. v. Com'r of Internal Revenue, 14 B. T. A. 328; Douglas Co. L. & W. Co. v. Com'r of Internal Revenue, 14 B. T. A. 1052; Simmons Gin Co. v. Com'r of Internal Revenue, 16 B. T. A. 793; Eastside Mfg. Co. v. Com'r of Internal Revenue, 18 B. T. A. 461; Kirby Lumber Co. v. Com'r of Internal Revenue, 19 B. T. A. 1046; Progress Paper Co. v. Com'r of Internal Revenue, 20 B. T. A. 234; American Tob. Co. v. Com'r of Internal Revenue, 20 B. T. A. 586; Houghton & Dutton v. Com'r of Internal Revenue, 20 B. T. A. 591.

We think this disposes of the only issue effectually presented by the record, and accordingly we affirm the decision appealed from.