## WALKER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8224.

Circuit Court of Appeals, Fifth Circuit.

Feb. 19, 1937.

A. W. Clapp, of Atlanta, Ga., for petitioner.

Howard P. Locke, S. Dee Hanson, and Sewall Key, Sp. Assts. to the Atty. Gen., Robert H. Jackson and James W. Morris, Asst. Attys. Gen., and Herman Oliphant, Gen. Counsel, Dept. of Treasury, and Owen W. Swecker, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Petitioner was in 1930 a member of Walker Electrical Company, a partnership, successor to the partnership of Walker Electric & Plumbing Company. In that year his account on the books of the partnership was credited with $11,689.39, his proportion of a partnership indebtedness totaling $16,134.02, which was forgiven in that year by creditors of the old partnership. Petitioner, claiming that no taxable income resulted from this forgiveness of debt, did not return for 1930 the part of it he had received. The Commissioner on an audit of his returns determined a deficiency.

This petition presents for review the ruling of the Board,[1] sustaining the Commissioner's determination. Petitioner's points against the ruling, are based on the proposition that though the formal and manual release and surrender of the indebtedness occurred in 1930, when the partnership was entirely solvent, the arrangement for it was made and became effective in 1927 when the partnership was insolvent. One point is, that for tax purposes, the transaction must be regarded as taking place not in 1930, when the surrender of the indebtedness occurred, but in 1927, when the agreement for the surrender was

[1] 34 B.T.A. 424.

made. The other is, that if, for tax purposes, the year 1930 is to be looked to at all, it must be only as the year of the formal consummation of a settlement which had its legal rise and force in 1927; that its effect as giving rise to taxable gain must be determined by the conditions existing in 1927 when, both before and after the agreement was made, the partnership was insolvent. Commissioner v. Simmons Gin Company (C.C.A.) 43 F.(2d) 327; Dallas Transfer & T. W. Co. v. Commissioner (C.C.A.) 70 F.(2d) 95; Burnet v. John F. Campbell Co., 60 App.D.C. 197, 50 F.(2d) 487. The Commissioner disputes petitioner's basic premise, distinguishes petitioner's authorities. He insists that though the agreement was made in 1927 as an agreement for present settlement, it was in no sense an agreement for present forgiveness of the debt. It was an agreement for forgiveness in the future, if and when the conditions were fulfilled. While then the settlement agreement that the debt would be forgiven had its origin in 1927, the forgiveness itself was, by its terms to be, it was, accorded in the future when, and only when, the conditions of its granting became performed.

If respondent is right in this position, all of petitioner's arguments, based as they are on the assumption that the forgiveness took place in 1927 fall. We think he is right, and that when in 1930 the partnership being completely solvent, the forgiveness was accorded by crediting on the balance remaining due the interest paid in earlier years, a gain as simply and as certainly resulted as if the interest payments had been refunded in cash. Cf. Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383; Commissioner v. Liberty Bank & Trust Co. (C.C.A.) 59 F. (2d) 320; Askin & Marine Co. v. Commissioner (C.C.A.) 66 F.(2d) 776.

When we turn to the record we find it both pleaded and stipulated by the petitioner that the forgiveness was in 1930. In both his original and amended petitions to the Board of Tax Appeals, petitioner stated that the credit to his account was in 1930 and that the amount represented his proportion of the partnership indebtedness which was forgiven by creditors of the partnership during that year. The stipulation as it appears in the Board's opinion is that in 1923 the partnership gave notes for its indebtedness, and in the years 1923 to 1926 some payments were made on the principal sum, and all interest was paid.

The interest amounting to $16,134.02 was in determining partnership income taken as deductions in the years in which it was paid. In 1927 the partnership had a further agreement with its creditors by which it was agreed that the partnership would execute one noninterest bearing note for the amount due its creditors, and that when ever the total payments made on this note, together with the principal and interest payments made prior to 1927, equaled the face value of the note, it would be credited with the $16,134.02 of interest paid in earlier years and the unpaid balance canceled. In 1930 the conditions for obtaining this credit and release were fulfilled. The $16,134.02 interest paid in 1923–1926 was then repaid by applying it as a credit on the note, which was marked paid and surrendered to the partnership. A taxable gain to that extent resulted in that year. United States v. Kirby Lumber Co., 284 U.S. 1, 52 S.Ct. 4, 76 L.Ed. 131. Helvering v. American Chicle Co., 291 U.S. 426, 54 S.Ct. 460, 78 L.Ed. 891.

The decision of the Board was right. It is affirmed.