MADISON RAILWAYS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 85121. Promulgated December 8, 1937.

*Arnold R. Petersen, Esq.*, and *Clarence E. Packman, C. P. A.*, for the petitioner.

*Hartford Allen, Esq.*, and *Willard S. Lines, Esq.*, for the respondent.

OPINION.

SMITH: This is a proceeding for the redetermination of deficiencies in income tax for 1931 and 1932 of $7,897.18 and $6,265.38, respectively. The principal question in issue is whether the petitioner derived taxable income from the purchase and retirement of some of its outstanding bonds in each of the taxable years at less than the amount realized upon the original sale of the bonds.

The petitioner filed income tax returns for the calendar years 1931 and 1932 which showed no taxable net income, but a net loss instead

of $70,215.30 and $56,151.73, respectively. The respondent has amended the returns and determined that the petitioner had taxable net income for the years in question of $65,809.87 and $45,566.38, respectively. In making such amendments he has treated as taxable income $85,150 and $63,162.50, respectively, representing "Profit on own bonds reacquired." He made numerous other adjustments in the taxpayer's returns, some of which are not in issue in this proceeding.

The petitioner alleges that the respondent erred in the determination of the deficiency (1) by reducing claimed allowances for depreciation from $60,470.35 and $60,794.09 to $52,734.38 and $53,058.40; (2) by failing to allow, as reasonable allowances for amortization and obsolescence of intangible railway property costs, $75,521.68 for each year; (3) by including in taxable income $85,150 and $63,162.50 representing gains on the purchase by the petitioner of its outstanding bonds at less than the issue price; and (4) by failing to allow as a deduction from the gross income of 1931 the correct net loss of the petitioner for 1930.

The petitioner is a public utility company which during the taxable years operated street railways in Madison, Wisconsin. During the taxable years, and for several years prior thereto, the petitioner operated at a large loss. The parties have stipulated:

7. That the electric street railway property of petitioner, not usable for the operation of buses, commenced to become obsolete on January 1, 1926, and that on December 31, 1935, such property had become completely obsolete, except for salvage, and the operations and property of the street railway system had been abandoned. The building originally used for car barn and offices continued in use for bus operation.

The petitioner is now in process of reorganization under section 77B of the National Bankruptcy Act.

During the years 1930, 1931, and 1932 the petitioner purchased the following amounts of its outstanding bonds:

| Year | Par value | Cost |
|---|---|---|
| 1930 | $57,000 | $41,520.00 |
| 1931 | 166,500 | 81,350.00 |
| 1932 | 98,500 | 35,337.50 |

These bonds were purchased and retired by the petitioner at a cost which was less than the price at which the bonds were issued (allowance being made for unamortized discount) by the amounts of $5,355 for 1930, $81,150 for 1931, and $63,162.50 for 1932. The respondent contends that these amounts constituted taxable income of the petitioner for the years in question.

The parties have stipulated that the book values of the petitioner's assets during the taxable years and for many years prior thereto were

greatly in excess of their values and that the excess amounts at which assets were carried upon its books of account represented no real value at any time.

After allowance is made for adjustments warranted by the stipulation of facts received in evidence in this case, and adjustments made by the respondent in the accounts of the petitioner as shown by the deficiency notice, and after taking into account profits from the purchase and retirement of bonds, there was an excess of liabilities over assets as follows:

| | |
|---|---|
| December 31, 1930 | $95,523.70 |
| December 31, 1931 | 47,250.08 |
| December 31, 1932 | 1,300.28 |

It is also true, however, that in the computations resulting in the above excess of liabilities over assets no account has been taken of approximately $452,829.53 of the book value of street railways shown by the balance sheets, which the petitioner contends and the respondent admits had no real value in the tax years in question. When this further adjustment is made the excess of liabilities (exclusive of capital stock liabilities) over fair value of assets is as follows:

| | |
|---|---|
| December 31, 1930 | $585,819.03 |
| December 31, 1931 | 545,038.57 |
| December 31, 1932 | 506,581.93 |

The petitioner was clearly insolvent during the calendar years 1931 and 1932 and the purchase by it of some of its outstanding bonds in those years did not have the effect of making the petitioner solvent.

We do not think it necessary in this proceeding to decide some of the issues raised by the petitioner. If it derived no taxable income from the purchase and retirement of its outstanding bonds during the years 1931 and 1932 it had no net income for those years and hence no tax liability.

The respondent submits that in *United States* v. *Kirby Lumber Co.*, 284 U. S. 1, it was held that where bonds are issued by a corporation which thereafter in the same taxable year purchases and retires some of them at a price less than the issuing price, the excess of the issuing price over the purchase price is gain or income for the taxable year, and contends that the purchase at less than face value of bonds assumed on purchase of property likewise results in taxable income, citing *Helvering* v. *American Chicle Co.*, 291 U. S. 426.

The above cited cases were not, however, dealing with an insolvent taxpayer. It seems clear that where an insolvent debtor turns over all of his property to his creditors in full or partial satisfaction of his debts the debtor realizes no taxable gain. Cf. *Bowers* v. *Kerbaugh-Empire Co.*, 271 U. S. 170; *Meyer Jewelry Co.*, 3 B. T. A. 1319; *Burnet* v. *John F. Campbell Co.*, 50 Fed. (2d) 487; *Dallas Transfer & Terminal Warehouse Co.* v. *Commissioner*, 70 Fed. (2d) 95; *Porte F.*

*Quinn*, 31 B. T. A. 142. It is equally clear, we think, that where an insolvent debtor satisfies a portion of his debts without thereby becoming solvent he has likewise realized no taxable income. He has not by such satisfaction of his debt realized "something of exchangeable value", something "for his *separate* use, benefit and disposal." See *Eisner* v. *Macomber*, 252 U. S. 189. In *Lakeland Grocery Co.*, 36 B. T. A. 289, the Board held that where an insolvent debtor satisfied his debts with a portion of his assets and was permitted to retain a portion thereof free from liabilities, the taxpayer had realized gain in the amount of the assets freed from claims of creditors. If in this proceeding the purchase and retirement of the petitioner's bonds at less than the issuing price had resulted in making the petitioner solvent, we would have been constrained to hold that the petitioner had derived taxable income from the transaction, at least to the extent that its assets were freed from claims of creditors. But in the proceeding at bar that situation does not obtain. The petitioner was insolvent after the purchase and retirement of its bonds as well as before.

The petitioner's purchase and retirement of its own bonds during the taxable years simply reduced its outstanding liabilities. A reduction in outstanding liabilities which does not make a taxpayer solvent does not result in taxable gain. *Dallas Transfer & Terminal Warehouse Co.* v. *Commissioner, supra.*

*Judgment of no deficiency will be entered.*