L. D. CODDON & BROS. INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82791. Promulgated February 23, 1938.

*W. H. Oppenheimer, Esq.,* and *Benno F. Wolff, Esq.,* for the petitioner.

*Gerald W. Brooks, Esq.,* for the respondent.

OPINION.

KERN: In 1933 petitioner satisfied an indebtedness which it owed in the sum of $19,250, and which was secured by a mortgage on real estate of the value of $20,000 used by it in its business, for the sum of $12,000. It is the contention of the respondent that $7,250, the amount of the obligation of petitioner in excess of the $12,000 which was satisfied by agreement of petitioner and its mortgagees by this payment, should be included in the gross income of petitioner as defined in section 22 (a) of the Revenue Act of 1932, set out in the margin.[1] This contention is based upon the principle enunciated in the opinion of the Supreme Court in *United States* v. *Kirby Lumber Co.*, 284 U. S. 1, to the effect that the retirement by a corporation of its obligations at less than the issue price results in taxable income to the corporation in the amount of the excess of the issue price of the obligations over the amount paid for their purchase and retirement. The petitioner contends that this amount does not represent gross income, for the following reasons: (1) That the transaction by which the original debt was satisfied at less than its face value was merely an adjustment of purchase price and therefore a capital transaction; (2) that even if income were presently recognizable, the settlement was accompanied by a shrinking of assets and consequently resulted in no "freeing of assets" which would otherwise have been subject to the lien of the obligation; and (3) that the shrinkage was, in fact, so great that the transaction as a whole resulted in loss and not in gain to petitioner. Petitioner's contentions are based respectively on *Des Moines Improvement Co.*, 7 B. T. A. 279; *Commissioner* v. *American Chicle Co.*, 65 Fed. (2d) 454; and *Bowers* v. *Kerbaugh-Empire Co.*, 271 U. S. 170.

Petitioner's first contention is founded on a case decided by us prior to the decision by the Supreme Court in *United States* v. *Kirby Lumber Co.*, *supra*. Since the latter decision our conclusions in this general subject have been modified. *Consolidated Gas Co. of the City of Pittsburgh*, 24 B. T. A. 901. In the case of *B. F. Avery & Sons, Inc.*, 26 B. T. A. 1393, the doctrine of *Des Moines Improvement Co.*, *supra*, was limited to a case in which all of the transac-

---

[1] SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. In the case of Presidents of the United States and judges of courts of the United States taking office after the date of the enactment of this Act, the compensation received as such shall be included in gross income; and all Acts fixing the compensation of such Presidents and judges are hereby amended accordingly.

tions between vendor and vendee took place in one year. Since, in the instant case, the transactions between the vendor corporation and its successors in interest, the tenants in common, on one side, and the vendee partnership and its successor in interest, the corporation which is petitioner herein, on the other, took place over a period of some thirteen years, the doctrine of *Des Moines Improvement Co., supra,* as limited by our opinion in *B. F. Avery & Sons, supra,* is not applicable.

The petitioner earnestly contends that the decision of the Supreme Court in *United States* v. *Kirby Lumber Co., supra,* is not controlling in the disposition of the instant case because there was a "shrinking of assets", i. e., a loss in the market value of the property covered by the mortgage, equal to the difference between the face value of the mortgage obligation and the amount paid by petitioner to satisfy it. In support of this contention petitioner urges that the language used by the Circuit Court in *Commissioner* v. *American Chicle Co., supra* (C. C. A., 2d Cir.), was not repudiated by the Supreme Court in *Helvering* v. *American Chicle Co.,* 291 U. S. 426, although it reversed the lower court's judgment. The Circuit Court took the view that no gain was presently realized by the discharge of an obligation at less than its face value where it was incurred in the purchase of property still retained by the taxpayer; that while cost was determined, the other "term of the equation" necessary to the realization of income was lacking. The Supreme Court, in effect, rejects this view of the postponement of "realization" until disposition of the thing bought, for it finds "nothing to distinguish this cause in principle from *U. S.* v. *Kirby Lumber Co.*", whereas the Circuit Court, in language quoted by the Supreme Court, had distinguished that case as applying only to a money and not a property transaction.

While it may be conceded that the language of the Supreme Court in that case is not altogether free from ambiguity, any doubt we might have has been laid by the case of *Commissioner* v. *Coastwise Transportation Co.,* 71 Fed. (2d) 104; certiorari denied, 293 U. S. 595, the facts of which were fully found by the Board and present a question almost identical with that presented by the instant case. That decision was contrary to the contention of petitioner and to the decision of the Circuit Court in *Commissioner* v. *American Chicle Co., supra.* We have also ruled adversely to the contention of petitioner in *Consolidated Gas Co. of the City of Pittsburg, supra,* and *Transylvania Railroad Co.,* 36 B. T. A. 333. From an examination of these cases the present state of authority seems to be that where a solvent debtor is under direct obligation to make payments for physical property purchased by him or by his assignor, which is still held by him, and satisfies this obligation by paying less than the

amounts called for by the obligation, the property continuing to be of a value sufficient to pay the indebtedness, the transaction will result in taxable income to the debtor in the amount by which the face value of the obligation exceeds the amount paid by him for its satisfaction. Whether income will be realized at the time of the partial forgiveness of the debt even if the property bought has a value less than the remaining obligation, we do not now decide, but it seems clear that realization should not be postponed until disposal of the property.

The doctrine of *Bowers* v. *Kerbaugh-Empire Co.*, *supra*, is limited to completed transactions, as the Supreme Court said in the *American Chicle* case. Since the property mortgaged to secure the obligation which was satisfied by the payment of less than its face value in this case was still held by the petitioner in 1933, the doctrine of that case is not applicable. *Commissioner* v. *Coastwise Transportation Co.*, *supra*. Therefore, the fact that the market value of the real estate of petitioner was considerably less in the taxable year than the original price paid for it is immaterial.

The cases cited by petitioner having to do with similar transactions, in which the debtor is insolvent or in which the debt involved is a mere lien on the property sold and not a personal, direct obligation of the taxpayer, are not pertinent except to give examples of the limitations contained in our statement of the general rule applicable to the instant case, *supra*.

*Judgment will be entered for the respondent.*