**HEXTELL et al. v. HUSTON, Collector of Internal Revenue.**

**No. 14.**

District Court, S. D. Iowa, Central Division.

June 7, 1939.

C. B. Hextell, of Des Moines, Iowa, for plaintiffs.

Carl R. Perkins, of St. Paul, Minn., Gen. Counsel, Treasury Department, Wm. R. Sheridan, Asst. U. S. Dist. Atty., of Keokuk, Iowa, and C. I. Level, U. S. Dist. Atty., of Denison, Iowa, for defendant.

DEWEY, District Judge.

The above entitled action came on for hearing in open court at Des Moines, Iowa, on the 15th day of May, 1939, and was argued and submitted.

The Commissioner of Internal Revenue assessed an additional tax of $330.03 against the plaintiffs for the year 1935, which the plaintiffs paid under protest. A claim for a refund having been denied, this action is brought to recover the amount of the tax so paid with interest.

The facts are stipulated and, while a part of it is oral testimony taken in open court, there is no dispute as to the evidence, and such stipulated facts and evidence are adopted as the findings of fact by the court in this case.

In considering the facts, we will refer to the transactions as having been done by C. B. Hextell, as plaintiff, to avoid confusion, and other facts are also paraphrased.

In the year 1935 the plaintiff was the owner of 94 acres of land located in Polk County, Iowa. The land had been purchased from A. K. Stewart in 1918 for a consideration of $20,000. Ten thousand dollars of this sum was raised by giving

a note secured by a mortgage on the land in an insurance company. In 1935 the note and mortgage was owned by the Trustees of the Royal Union Life Insurance Company, and the land had depreciated and was of a value at that time not to exceed $6,500.

In the early part of 1935, $500 interest had accrued on said loan, making the total amount due on the mortgage, $10,500. The plaintiff had endeavored to obtain a new loan on said premises to pay said mortgage indebtedness, but was unsuccessful. And in his claim to the Commissioner he recites that at one time the taxpayer offered to the Royal Union Life Insurance Company the farm in question in satisfaction of the mortgage, which offer the Royal Union Life Insurance Company declined. In 1935 the plaintiff did not have available cash to pay the full mortgage indebtedness and payment was being demanded.

In August, 1935, he entered into a settlement with said Trustee whereby the interest would be waived and the principal reduced $3,500, or the debt satisfied by the payment of $6,500. The largest mortgage he could procure was a commissioner's loan on said farm in the sum of $4,000. This he obtained and the proceeds therefrom and $2,500 in cash were paid to the Trustees and thereupon the $10,000 note and mortgage were satisfied and cancelled.

Under this situation the Commissioner of Internal Revenue assessed a tax upon the gain which he determined at $3,500. It is this tax which is in dispute.

Article 22(a)-14 of the Regulations No. 86 promulgated by the Secretary of the Treasury, and bearing upon the question involved, reads as follows: "Cancellation of indebtedness.—The cancellation of indebtedness, in whole or in part, may result in the realization of income. If, for example, an individual performs services for a creditor, who in consideration thereof cancels the debt, income in the amount of the debt is realized by the debtor as compensation for his services. A taxpayer realizes income by the payment or purchase of his obligation at less than their face value. * * *"

And the cases of United States v. Kirby Lumber Co., 284 U.S. 1, 52 S.Ct. 4, 76 L.Ed. 131, and Helvering v. American Chicle Co., 291 U.S. 426, 54 S.Ct. 460, 78 L.Ed. 891, sustain the general rule that a taxpayer realizes income by the payment or purchase of his obligations at less than

their face value. However, these cases, as well as the case relied upon by the petitioner, Bowers v. Kerbaugh-Empire Co., 271 U.S. 170, 46 S.Ct. 449, 70 L.Ed. 886, indicate that the entire business transaction may be considered on the question of whether there is a taxable gain. And the Bowers case expressly holds that where the business transaction is completed, income from the payment or purchase of obligations may be offset by the loss of the business undertaking. These decisions are general in their nature and specific cases, such as the one at bar, are not expressly determined by the pronouncements therein.

Cases which have been brought to my attention where a situation is presented somewhat similar to the one at bar are: Commissioner of Internal Revenue v. Coastwise Transportation Co., 1 Cir., 71 F.2d 104, certiorari denied, 293 U.S. 595, 55 S.Ct. 110, 79 L.Ed. 689, and L. D. Coddon & Bros. v. Commissioner, 37 B.T.A. 393. All of the contentions of the taxpayer are answered in the cases last referred to, unless there is something in the present transaction upon which a loss may be determined with certainty and apart from the evidence of depreciation in the value of the capital assets, which may not be determined for taxing purposes until the property is sold.

In the Coddon case, supra, is a statement of the law which seems accurate in view of the decisions of the court at this time, as follows: "From an examination of these cases the present state of authority seems to be that where a solvent debtor is under direct obligation to make payments for physical property purchased by him or by his assignor, which is still held by him, and satisfies this obligation by paying less than the amounts called for by the obligation, *the property continuing to be of a value sufficient to pay the indebtedness,* the transaction will result in taxable income to the debtor in the amount by which the face value of the obligation exceeds the amount paid by him for its satisfaction." (Italics ours) 37 B.T.A. 393, 398.

Here the property had a value less than the remaining obligation, and there is no authority to guide us under such a situation.

Also in the Coddon case the Board of Tax Appeals not only recognizes this distinction, but state that they do not now decide that question, in these words: "Whether income will be realized at the

time of the partial forgiveness of the debt even if the property bought has a value less than the remaining obligation, we do not now decide, but it seems clear that realization should not be postponed until disposal of the property." And later in the case illustrations are given that would come within the exceptions, such as, where the debt involved is a mere lien on the property sold and not a personal, direct obligation of the taxpayer, and cases where the debtor is insolvent.

■ It is hard to see that if a man buys a property for $5,000 and it is later determined that the value is only $4,000, that the forgiveness by the creditor of the $1,000 difference would amount to a taxable gain to the purchaser. However, losses by depreciation should generally be postponed until disposal of the property, as losses may be computed at that time with a definiteness which the taxing bodies necessarily require, and, on the other hand, realization of definite income should not be indefinitely postponed especially where returns are being made on an annual accrual basis.

The question under the present state of the law is, was there in the transaction with the Insurance Company and in the refinancing of the farm a determination of the loss that may, and should, presently be considered?

There was such a determination fixed between the parties evidenced by the scaling down of the debt in a purely business transaction wherein the parties based the value of the note and mortgage on the value of the security. And, in corroboration of the bona fides of the deal, in 1919 the value of the real estate warranted a loan of $10,000, while in 1935 the loan of $4,000 was all that could be procured.

In the transaction involving the forgiveness of the $3,500 indebtedness there was a reorganization of the capital investment by the securing of a new loan and the additional investment of $2,500, wherein a loss of $4,000 in capital value was recognized and a $3,500 gain inured.

That a reorganization may be considered on the question of a determination of the loss is recognized in the case of Coastwise Transportation Company, supra.

In the transaction then wherein there was a determination of both loss and gain in the capital investment as between the parties, it seems that the loss as well as the gain should have been accepted by the tax-ing bodies, as there certainly was no gain to the taxpayer.

■ While not free from difficulty, I find as a matter of law that in the transaction in 1935 there was a determined loss to the taxpayer equal to his gain by the purchase of his obligation at less than its face value and that the plaintiff is entitled to recover the amount of taxes paid by him under protest in the sum of $330.03, together with interest at six per cent. per annum from August 3, 1937, and the Clerk is authorized and directed to enter judgment in favor of the plaintiffs and against the defendant in said sum.

To all of which the defendant excepts.