### F. W. SICKLES CO. v. UNITED STATES.

#### No. 43168.

Court of Claims.

March 4, 1940.

656

Dwight Rorer, of Washington, D. C. (Smith, Moore & Lucas, of Washington, D. C., on the brief), for plaintiff.

D. F. Hickey, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts. to Atty. Gen., on the brief), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHITAKER, Judges.

WHITAKER, Judge.

The plaintiff in computing its net income for its fiscal year ending March 31, 1930, deducted a net loss of $22,351.95, which included a net loss of $14,199.48, which it claimed it had sustained for the fiscal year ending March 31, 1929. In computing this net loss the plaintiff did not include in its income the sum of $19,752.83 on account of the forgiveness of an indebtedness owed by it to three of its stockholders, Bausman, Boynton, and Hyde. The Commissioner in auditing plaintiff's return concluded that this amount was income to the plaintiff for the year 1929 and, therefore, that it was not entitled to the deduction of the net loss claimed by it for this year.

On June 7, 1928, the above named stockholders forgave plaintiff its indebtedness to them aggregating $22,115.79, in consideration of. the payment to them of all the cash on hand and the cash plaintiff had been able to borrow, the assignment to them of all of plaintiff's accounts receivable, and the execution to them of plaintiff's notes aggregating $1,000. Plaintiff's accounts payable were assumed by said stockholders. The Commissioner of Internal Revenue treated the net amount of the indebtedness forgiven as income and on account thereof added to plaintiff's gross income the sum of $19,-752.83.

The plaintiff was insolvent prior to this forgiveness of its indebtedness. It is agreed that if it were insolvent after the indebtedness was forgiven, no income accrued to it. The sole issue, therefore, is whether or not plaintiff was still insolvent after this indebtedness was forgiven.

Prior to this transaction plaintiff had been engaged in manufacturing spider web or diamond weave coils for radios. The business had proven financially unsuccessful and it was for this reason that Bausman, Boynton, and Hyde desired to retire. Prior to their retirement F. W. Sickles and his son had determined that they could not make any money out of the manufacture of spider web or diamond·weave coils, and started the manufacture of solenoid coils. The machinery and material on hand at that time were not adapted to the manufacture of solenoid coils and were, therefore, of no further use to the plaintiff in its business. All the testimony introduced shows that they did not have a value either to the plaintiff or on the market in excess of $500. The patents, plaintiff's only other asset, were of no value. Plaintiff's liabilities were $1,750. Plaintiff was, therefore, insolvent after the forgiveness of the indebtedness, and under the authorities plaintiff thereby derived no income therefrom. Burnet, Commissioner, v. John F. Campbell Co., 60 App.D.C. 197, 50 F.2d 487; Commissioner of Internal Revenue v. Simmons Gin Co., 10 Cir., 43 F.2d 327; Dallas Transfer & Terminal Warehouse Co. v. Commissioner, 5 Cir., 70 F.2d 95; Porte F. Quinn, 31 B.T.A. 142; Madison Railways Company v. Commissioner, 36 B.T.A. 1106.

It results, therefore, that the inclusion in plaintiff's income for the fiscal year ending March 31, 1929, of the sum of $19,752.83 on account of the forgiveness of this indebtedness was erroneous. If this amount be excluded, plaintiff suffered a net loss for this year of $14,199.48, less $581.70 depreciation erroneously deducted, or ˏ$13,617.78. This amount it is entitled to deduct from its income for the fiscal year ending March 31, 1930. This deduction results in an overassessment of taxes for this fiscal year of $1,-480.04, plus interest thereon of $176.77.

Plaintiff is, therefore, entitled to recover the sum of $1,656.81, with interest. It is so ordered.