### HIRSCH v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 7383.

Circuit Court of Appeals, Seventh Circuit.

Nov. 25, 1940.

Isidore Brown and Albert Langeluttig, both of Chicago, Ill., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and J. P. Wenchel, Bureau of Internal Revenue, of Washington, D. C., for respondent.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Petitioner seeks review of a decision of the Board of Tax Appeals wherein the latter sustained the Commissioner's determination of a deficiency in petitioner's income tax for the year 1936 upon the theory that a voluntary reduction of mortgage indebtedness in the sum of $7,000 constituted income to petitioner.

Petitioner in 1928 purchased certain real estate for $29,000, paying $10,000 in cash and assuming a mortgage indebtedness of $19,000. Partial payments were made until, on April 5, 1936, the balance remaining due was $15,000. At that time the property had depreciated in value to $8,000 and petitioner began negotiations with the mortgagee for settlement. He offered to convey the building to the mortgagee in full satisfaction of the debt. The creditor refused but said he would take $8,000 in payment of the balance of $15,000 remaining due. This proposal petitioner accepted and upon receipt of $8,000 the mortgagee released the mortgage. Petitioner still owns the property. The asserted tax resulted from treating the reduction of $7,000 as income.

In determining what constitutes income, substance rather than form is to be given controlling weight. Bowers v. Kerbaugh-Empire Co., 271 U.S. 170, 46 S. Ct. 449, 70 L.Ed. 886. A transaction whereby nothing of exchangeable value comes to or is received by the taxpayer does not give rise to, or create, taxable income. Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570; Ruben v. Commissioner, 8 Cir., 97 F.2d 926. In the latter case, the court commented that taxation remains a practical matter dealing with realities. It being apparent, said the court, that instead of being a harvest time of profits for the taxpayer, the year 1929, on the showing in that case, was just the opposite, and to say that anything moved to him by way of gains, profits, or income was "simply paradoxical."

"Income" within the purview of the Revenue Acts, has been defined to be "gain derived from capital, from labor, or from both combined," and includes "profit gained through sale or conversion of capital." Bowers v. Kerbaugh–Empire Co., 271 U.S. 170, 46 S.Ct. 449, 451, 70 L.Ed. 886. "In determining the definition of the word 'income' thus arrived at, this Court has consistently refused to enter into the refinements of lexicographers or economists, and has approved, in the definitions quoted, what it believed to be the commonly understood meaning of the term which must have been in the minds of the people when they adopted the Sixteenth Amendment to the Constitution." Merchants' L. & T. Co. v. Smietanka, 255 U.S. 509, 519, 41 S.Ct. 386, 389, 65 L.Ed. 751, 15 A.L.R. 1305. "The fact that after the transaction the plaintiff's balance sheet had improved was not sufficient to constitute 'a gain derived from capital.' If anything, it was a gain accruing to capital, and, as such, under the Eisner [252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570] and Phellis Cases [257 U.S. 156, 42 S.Ct. 63, 66 L.Ed. 180], was not taxable income." Kerbaugh-Empire Co. v. Bowers, D.C., 300 F. 938, 944, affirmed 271 U.S. 170, 46 S.Ct. 449, 70 L.Ed. 886.

Here we are concerned with a capital asset, purchased in 1929 for $29,000 on the purchase price of which the taxpayer has paid $22,000 and the balance of which, $7,000, has been cancelled. Petitioner now owns the property worth $8,000 or $21,000 less than what he agreed to pay for it and $16,000 less than he has actually paid for it. To say that anything of value has moved to him is contrary to fact.

Petitioner received "nothing of exchangeable value"; he received a credit upon the cost of a capital investment; he merely entered into a transaction whereby he procured decrease in his capital loss. Viewing the realistic picture as a whole we see that he purchased the property for $29,000, $19,000 of which was to be paid in the future. Then came the depression; the value of his purchased asset shrunk to $8,000. It was not yet fully paid for; it was not worth paying for; it could not be sold for enough to satisfy the balance remaining unpaid on the purchase price. Caught in this dilemma he negotiated for and secured a reduction of $7,000. True, this was a forgiveness of indebtedness, but, more than that, it was in its essence a reduction in purchase price from $29,000 to $22,000. As the facts stand petitioner has paid $22,000 for certain property which he still owns and he is, therefore, unable to determine whether he has had a gain or a loss. If he should sell the property for $8,000, its present value, he will have lost the difference between $22,000 and $8,000; if he should sell for more than $22,000 the excess will represent gain. But his ultimate gain or loss can not be determined until liquidation of his capital investment. When costs go into property, whether one is to gain or lose must of necessity remain undecided until the property is sold. Credits upon the cost of the investment do not become gain until we find that what is realized upon sale exceeds the total cost, after deducting such voluntary reductions. To say that postponement of ascertainment of results until such completion is unreasonable and impracticable is to say that presently recognized postponement of ascertainment of whether a gain or a loss exists in capital investment is unreasonable and improper.

Under certain circumstances forgiveness of indebtedness as such, becomes income, but the cases in which this rule has been applied do not seem in anywise comparable to the one presented here. We cannot say categorically that all reductions constitute income. Paul & Mertins on Income Taxes, Vol. 1, p. 269. Each case must rest upon its own facts. In United States v. Kirby Lumber Co., 284 U.S. 1, 52 S.Ct. 4, 76 L. Ed. 131, a corporation purchased at a depreciated market value, certain of its outstanding securities. The difference between the purchase price and the amount realized originally upon sale thereof was held to be income. Mr. Justice Holmes distinguished Bowers v. Kerbaugh-Empire Co., 271 U.S. 170, 46 S.Ct. 449, 70 L.Ed. 886 on the ground that in the latter "the transaction as a whole was a loss." Similar was Helvering v. American Chicle Co., 291 U.S. 426, 54 S.Ct. 460, 78 L.Ed. 891. Here the court again distinguished Bowers v. Kerbaugh-Empire Co., 271 U.S. 170, 46 S.Ct. 449, 70 L.Ed. 886, in the same manner. In neither case was the income allocable to one transaction of purchase and sale, that is, investment of certain moneys in a capital asset, but had to do with the realization of actual gain.

The courts have felt impelled to contrary decisions, under the particular facts involved, in Burnet v. John F. Campbell Co., 60 App.D.C. 197, 50 F.2d 487; Dallas Transfer & T. W. Co. v. Com'r, 5 Cir., 70 F.2d 95; Ruben v. Commissioner, 8 Cir., 97 F.2d 926; Hextell v. Huston, D.C., 28 F.Supp. 521; Commissioner of Internal Revenue v. Coastwise Transp. Corp., 1 Cir., 71 F.2d 104, certiorari denied, 293 U.S. 595, 55 S.Ct. 110, 79 L.Ed. 689. Because of the greater similarity of facts involved we think the reasoning of those cases more nearly applicable to the case presented to us and conclude that under the circumstances before us the reduction of the mortgage was a reduction of cost and that until the property is disposed of, there is no way of knowing whether the transaction as a whole will result in gain or in loss. Bowers v. Kerbaugh-Empire Co., 271 U.S. 170, 46 S.Ct. 449, 70 L.Ed. 886. The case is well within the reasoning of Union Pac. R. R. Co., 32 B. T. A., 383, 386, affirmed in Commissioner v. Union Pac. R. R. Co., 2 Cir., 86 F.2d 637, where the court held the reduction of the nondeductible cost of a capital item not income, but merely a reduction of capital cost.

Respondent argues that the reduced mortgage should not be considered a purchase-money security, for the reason that after his purchase, when the mortgage which the petitioner assumed came due, petitioner borrowed the same amount from another and satisfied the first mortgage. We think this fact insufficient to affect the applicability of the principles involved. The result was the same as if the first mortgagee had assigned his mortgage to the second mortgagee. The same amount of purchase price remained unpaid. Petitioner was in the same position both before and after the transaction, and neither received gain nor incurred loss in the mere change of mortgagee. To all effects and

purposes, he did not complete full payment of the purchase price until the transaction here involved, when he paid $8,000 in payment of the balance due of $15,000. Then and thereby, for the first time, he secured clear title at a total cost to him of $22,000. When he disposes of the property, the taxing authorities can well determine whether he has realized a gain or incurred a loss.

The decision of the Board will be reversed and remanded, with directions to compute the tax upon the basis of exclusion of $7,000, representing the voluntary reduction in the purchase price.