ALEXANDER J. SZILAGYI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Szilagyi v. Commissioner
Docket No. 29158-81.
United States Tax Court
T.C. Memo 1982-656; 1982 Tax Ct. Memo LEXIS 94; 45 T.C.M. (CCH) 88; T.C.M. (RIA) 82656; November 15, 1982. Alexander J. Szilagyi, pro se. Joan J. Fahlgren, for respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION
*95 DAWSON, Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for trial in accordance with General Order No. 6, 69 T.C. XV (1978). The Court agrees with and adopts his report which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined a deficiency in petitioner's 1978 Federal income taxes in the amount of $414.00. After concessions by the parties, the sole issue for decision is whether petitioner received taxable income under section 402 upon a distribution of stock from the Chrysler Thrift-Stock Ownership Program. [1] Eight days prior to the trial, petitioner filed a multipartite motion for summary judgment and other relief. That motion was denied at the trial. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner resided in Lake Orion, Michigan, at the time of the filing of the petition in this case. Petitioner was employed as an engineer with the Chrysler Corporation. For the benefit of its employees, Chrysler sponsored a *96 Thrift-Stock Ownership Program which qualified as an employees' trust under section 401(a). The program consisted of two different plans, the Savings Thrift Plan and the Retirement Thrift Plan. Petitioner chose to participate in the Savings Thrift Plan. According to the provisions of that plan, an employee could contribute each class year (May 1-April 30) an amount up to ten percent of his base salary toward the purchase of Chrysler securities. For each class year that the employee contributed, Chrysler would contribute to the employee's account, also in the form of Chrysler securities, an amount equal to fifty percent of the amount that the employee contributed. Three years after the close of each class year, the employee would receive everything in his account for that class year. This would include the stock purchased by the employee and the stock contributed by the employer, plus any dividends earned on those shares. At the time of distribution, the plan's administrators would prepare a Form 1099R which was sent to the employee designating a portion of the distribution as taxable income. On his 1978 Federal income tax return, petitioner did not include any portion of *97 the distribution in his gross income. Respondent determined that $1,069, the amount listed as taxable income on Form 1099R, should be included in petitioner's gross income under section 402. OPINION Qualified pension, profit-sharing, and stock bonus plans are defined in section 401(a). The program that the petitioner participated in, the Chrysler Thrift-Stock Ownership Program, falls within this section. Section 402(a)(1) provides that the amount distributed by any plan described in section 401(a) shall be taxable to the distributee in the year distributed under section 72 (relating to annuities). Section 402(a)(1) further provides that the amount distributed shall not include net unrealized appreciation in securities, as defined in section 1.402(a)-1(b)(1)(ii), Income Tax Regs., of the employer corporation attributable to the amount contributed by the employee. In other words, any appreciation in the value of stock purchased by the employee is not taxable until the employee disposes of this stock. Section 1.402(a)-1(b), Income Tax Regs. The remainder of the fair market value of the securities distributed is includable in the employee's gross income to the extent it exceeds *98 his contributions. Section 72(e)(1)(B). See also Rev. Rul. 67-165, 1967-1 C.B. 89. These code sections and regulations apply to the instant case. Petitioner received a distribution of stock from a 401(a) qualified plan, the entire amount of which is taxable except for petitioner's contributions and the net unrealized appreciation in the securities attributable to petitioner's contributions. Petitioner has relied on dictum in several cases to support his argument that the distribution is nontaxable. However, petitioner's reliance is clearly misplaced. Each case cited is factually distinguishable from the instant case. Commissioner v. Lobue,351 U.S. 243 (1956 (stock option); Commissioner v. Smith,324 U.S. 177 (1945) (stock option); United States v. Phellis,257 U.S. 156 (1921) (corporate reorganization); Eisner v. McComber,252 U.S. 189 (1920) (stock dividend); Lynch v. Turrish,247 U.S. 221 (1918) (asset sale); Hirsh v. Commissioner,115 F.2d 656 (7th Cir. 1940) (forgiveness of debt); Staples v. United States,21 F. Supp. 737 (E.D. Pa. 1937) *99 (lessee's improvements on lessor's property). On the Form 1099R, $1,069 of the amount distributed by the Program in 1978 was listed as ordinary income. It is this amount that respondent has determined shall be includable in petitioner's gross income. Petitioner did not offer any evidence to persuade us that this amount was incorrectly determined. Petitioner has the burden of proof on this issue. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Since petitioner has not satisfied his burden, respondent must be sustained. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩