T.C. Memo. 2001-238

UNITED STATES TAX COURT

ROBERT K. AND DAWN E. LOWRY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11579-00.          Filed September 14, 2001.

Daniel C. Ertel, for petitioners.

Michael A. Menillo, for respondent.

MEMORANDUM OPINION

PANUTHOS, Chief Special Trial Judge:  This matter is before
the Court on the parties' cross-motions for partial summary
judgment under Rule 121.  Unless otherwise indicated, section
references are to the Internal Revenue Code, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

Petitioner Robert K. Lowry (petitioner) was a partner in a partnership that realized taxable income from cancellation of indebtedness.[1]  The issue for decision is whether the event causing the recognition of such income; i.e., the partnership's surrender of real property, occurred in 1993 or 1994. Petitioners resided in Santa Ana, California, at the time they filed their petition.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  FPL Group, Inc. v. Commissioner, 116 T.C. 73 (2001); Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy if the pleadings and other materials show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  Both parties assert that the issue before us is ripe for summary adjudication and that there is no genuine issue as to any material fact.

---

[1]  Although petitioners Robert K. and Dawn E. Lowry filed joint tax returns for the years in issue, and respondent issued a joint notice of deficiency, the adjustment that is the subject of the pending motions relates solely to petitioner Robert K. Lowry's investment in a partnership.

The following is a summary of the relevant facts that do not appear to be in dispute. They are stated solely for purposes of deciding the pending motions and are not findings of fact for this case. Fed. R. Civ. P. 52(a); Rule 1(a); Sundstrand Corp. v. Commissioner, supra.

## Background

During the years in issue, petitioner was a 50-percent partner in a partnership known as Lowry Wells Investments (the partnership). The partnership owned a building located at 17862 Fitch Street, Irvine, California (Fitch Property), that was subject to a mortgage reflecting a loan from Aid Association of Lutherans (AAL).

On December 15, 1993, the partnership as borrower and AAL as lender entered into a "Covenant Not to Sue". The covenant stated in pertinent part:

> In consideration of the hereinafter granted release from [the partnership] * * *, the conveyance of the real property located at 17862 Fitch Street, and other good and valuable consideration, * * * [AAL] hereby covenants not to sue Borrower * * * in connection with * * * those mortgage loans made by Lender to Borrower * * *. [Emphasis added.]

The release referred to above was contained within the covenant and stated that the partnership released all claims it might have had against AAL in connection with the loans. On May 27, 1994, escrow closed on the Fitch property, and title to the Fitch property passed from the partnership to AAL.

AAL issued to the partnership a Form 1099-A, Acquisition or Abandonment of Secured Property, indicating that the partnership had an outstanding debt of $3,218,046 on the Fitch property and that the Fitch property had been surrendered to AAL on December 15, 1993, at an appraised value of $1,915,000. On October 14, 1994, the partnership filed an amended return for 1993, which included a statement that the information contained in the Form 1099-A issued by AAL was "wholly inaccurate" and that AAL erred in reporting the transaction during 1993. The statement indicated that a deed in lieu of foreclosure was delivered to AAL on May 27, 1994, and further indicated that the Fitch property had been transferred to Lowry Wells Limited Liability Company which "will correctly report this 1994 event on a 1994 return and realize and recognize any gains (or losses) as is appropriate in that filing."

Following an examination of the partnership's return for 1994, respondent issued a 30-day letter to the partnership including an examination report which stated in pertinent part: "On 12-15-93, it [the partnership] surrendered the property back to the Lender [AAL]". Respondent subsequently issued a notice of deficiency to petitioners determining deficiencies in and accuracy-related penalties with respect to their Federal income taxes for 1994 and 1995. Contrary to the examination report attached to the 30-day letter, respondent determined that the

partnership surrendered the Fitch property to AAL in 1994 and that petitioners failed to report $774,982 on their 1994 return representing petitioner's distributive share of the gain recognized by the partnership under section 1231.

Petitioners filed a petition contesting the notice of deficiency in which they contend that the surrender of the Fitch property occurred in 1993 and respondent erred in determining that the resultant cancellation of indebtedness income was recognized in 1994.  Respondent contends that the partnership recognized a gain in 1994 because the closing of escrow on, and transfer of title to, the Fitch property occurred on May 27, 1994.

Discussion

The partnership and AAL executed a covenant which plainly states that AAL's cancellation of the partnership's debt was conditioned, among other requirements, on "the conveyance" of the Fitch property.  Black's Law Dictionary 334 (7th ed. 1999) defines the term "convey" as "To transfer or deliver (something, such as a right or property) to another, esp. by deed or other writing."  The covenant does not purport to convey the Fitch property from the partnership to AAL.  Rather, the covenant merely describes the consideration to be exchanged by the partnership and AAL to support their mutual agreement not to sue. It is well settled that an agreement to cancel debt in the future

will not be deemed to discharge the indebtedness immediately if the cancellation is contingent upon future events. <u>Walker v. Commissioner</u>, 88 F.2d 170 (5th Cir. 1937), affg. <u>White v. Commissioner</u>, 34 B.T.A. 424 (1936); <u>Jelle v. Commissioner</u>, 116 T.C. 63, 68 (2001).

We have consistently held that "With respect to real property, sale or transfer of ownership is complete upon the earlier of the passage of legal title or the practical assumption of the benefits and burdens of ownership." <u>Keith v. Commissioner</u>, 115 T.C. 605, 611 (2000), and cases cited therein. In the instant case, there is no dispute that the passage of legal title occurred in 1994. Furthermore, the record is devoid of any evidence that AAL assumed any benefit or burden of ownership of the Fitch property before the passage of legal title. For these reasons, we hold that the partnership's cancellation of debt provided for by the covenant not to sue was recognized on May 27, 1994. Accordingly, we shall deny petitioners' motion for partial summary judgment and grant respondent's cross-motion.

Petitioners argue that the statement contained in the examination report attached to respondent's 30-day letter that the building was surrendered in 1993 constitutes an admission that respondent found as fact that the surrender occurred in 1993. Petitioners' reliance on the 30-day letter amounts to a

request that the Court look behind the notice of deficiency. It has long been a general rule of this Court that we shall not look behind a deficiency notice to examine the evidence used in making a deficiency determination. <u>Greenberg's Express, Inc. v. Commissioner</u>, 62 T.C. 324, 327 (1974). The underlying rationale for not looking behind a deficiency notice is that a trial before this Court is a proceeding de novo, and our determination must be based on the merits of the case without regard to any previous record developed at the administrative level. <u>Jones v. Commissioner</u>, 97 T.C. 7, 18 (1991); <u>Greenberg's Express, Inc.</u>, <u>supra</u> at 328. Accordingly, we do not consider the 30-day letter or the examination report attached thereto.

To reflect the foregoing,

<u>An order denying petitioners' motion for partial summary judgment and granting respondent's oral cross-motion for partial summary judgment will be issued</u>.